Nov. Term,
**1859.**

Coon
v.
Brown.

Coon *v.* Brown.

Suit upon a promissory note, dated *May* 28, 1857. Issues upon answers of payment and set-off. The note and a receipt "in full of book accounts up to date" (*May* 28, 1857), were the only evidence. The items of set-off were payments made by defendant as replevin bail for plaintiff in 1839 and 1840. *Held,* that the evidence raised a presumption of payment of the matters of set-off.

Under the R. S. of 1838, a replevin bail was required to obtain a judgment before he could have an execution; but he might have judgment on motion, when the original judgment was rendered.

*Wednesday,*
*November* 30.

APPEAL from the *Tippecanoe* Court of Common Pleas.

HANNA, J.—Suit upon a note.

Answers, payment and set-off.

Reply, denying payment, and averring that the matters set up as a set-off had, long before the execution of the note, been settled and paid.

Trial by the Court, and finding for the plaintiff the amount of the note and interest.

All the evidence given upon the trial, was the note, which was dated *May* 28, 1857, and a receipt, as follows: "*May* 28, 1857. Received of *James Brown*, two hundred and fifteen dollars in full, of book accounts up to this date.

"*Peter Coon.*"

The items of set-off pleaded, consisted of certain payments made by *Coon*, as replevin bail for *Brown*, on judgments, previous to the year 1851. The form of the reply admits that *Coon* had made such payments, and relies upon the subsequent repayment thereof by *Brown* to said *Coon*. Does the proof establish such repayment? is the only question.

The appellant insists that his offsets were not included in the terms of the receipt, nor presumed to be settled upon the execution of the note, because he was a judgment-creditor, under our statute, which gives a replevin bail a right to an execution against his principal, upon the judgment, to collect any amount he may have paid thereon for his use. 2 R. S. p. 186.

At the time *Coon* became replevin bail, to-wit, in 1839

and 1840, and at the time he made the payments, as such, our statutes differed from that of 1852, in this, that the surety was required to obtain a judgment against his principal, before he could have an execution, which he might obtain upon motion in the Court where the original judgment was rendered. R. S. 1838, p. 235.—R. S. 1843, p. 956.

We are of opinion that, under these circumstances, the note and receipt together, raised a presumption of the payment of the matters set up in the set-off.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*G. S. Orth* and *J. A. Stein*, for the appellant.

*J. M. LaRue*, for the appellee.