## Gaskin *v.* Wells and Others.

Suit by the appellees against the appellant on a promissory note, alleged to have been made by him, by the name of *Gasten*.

*Held*, that the note was correctly declared upon.

*Held*, also, there being no general denial, and no denial under oath, that the note made a *prima facie* case for the plaintiffs.

*Held*, also, that a note is *prima facie* evidence of a settlement of accounts to its date.

APPEAL from the *Grant* Common Pleas.

*Per Curiam.*—*Cephas Gaskin* is unable to write his name. Desiring to execute a note to *Noah Harris*, he procured *M. H. Metcalf* to write his name, *Gaskin* inserting his mark. *Metcalf*, being governed by the sound, wrote the name *Cephas Gasten*, and *Gaskin*, being unable to read, supposed it was all right, and made his mark.

*Harris* assigned the note to *Wells & Co.*, who sued upon it, alleging that *Gaskin*, by the name of *Gasten*, made the note. This was a correct mode of declaring. The complaint was good.

The defendant did not answer by the general denial, as provided by the code, 2 R. S., p. 39; nor did he deny the note under oath. The note, therefore, with the assignment, on the trial, made a *prima facie* case for the plaintiff. The paragraph of the answer assuming to deny the interest of

Nov. Term,
1860.

the plaintiffs in the note, was bad. 12 Ind. 398. The para-graph of the answer, by way of set-off, was bad for uncer-tainty. A note is *prima facie* evidence of a settlement of accounts to its date.

The judgment is affirmed, with 10 per cent. damages and costs.

*N. W. Gordon* and *A. W. Sanford*, for appellees.