KIRCHNER *v.* LEWIS' Administratrix.

PROMISSORY NOTE.—PRESUMPTION OF SETTLEMENT.—The giving of a promissory note is *prima facie* evidence of a settlement of accounts between the parties, but this presumption may be rebutted.

APPEAL from the *Jennings* Common Pleas.

ELLIOTT, J.—*Hannah J. Lewis,* administratrix of *Benjamin F. Lewis,* deceased, sued *Kirchner* and *Lutz,* on a promissory note executed by them on the 11th of *August,* 1865, to the decedent, in his lifetime, for $200.

*Lutz* answered that he was only the surety of *Kirchner* in the note. *Kirchner* admitted that he was the principal, and *Lutz* only his surety, and answered in three paragraphs.

1. Payment.   2. Set-off, in the sum of $268 05, for dressed stone furnished the decedent in 1863.   3. As to the sum of $7 75, that the note, as to that sum, was given without any consideration whatever.

The plaintiff replied: 1. The general denial to the whole answer.   2. To the second paragraph, payment by the decedent in his lifetime.

A jury being waived, the cause was tried by the court. Finding for the plaintiff for the amount of the note and interest. New trial refused, and judgment on the finding. *Kirchner* appeals.

The reason assigned for a new trial was, that the finding of the court was contrary to the law and the evidence in the case. The evidence is made a part of the record by a bill of exceptions.

It appears from the evidence, that the decedent, in 1863, was erecting a new residence, for which *Kirchner* furnished him the greater part, if not all, of the stone charged in his bill of particulars. That *Kirchner* furnished the stone, was proved beyond question, and there was no evidence whatever that *Lewis* had paid anything for it, except the

single fact of the giving of the note sued on to him in 1865, by *Kirchner* and *Lutz*.

It is contended by the appellee's counsel, that the note was *prima facie* evidence, *Kirchner* being the principal, that it was given on a settlement of all prior accounts between the parties. And we are informed by the appellant's counsel, that it was because the note was given after the date of the account, that the court refused to allow the set-off.

The principle of law is correctly stated by the appellee's counsel, but the note being only *prima facie* evidence that it was given on a settlement, the presumption that it was so given may be rebutted by other evidence, which, we think, was clearly done in this case.

*Jeremiah Bundy* testified that he was present when the note was given, and that *Lewis* at that time paid *Kirchner* $150 of the money, as was his impression, and $42 25 was to be paid to him, *Bundy*, which was included in the note, and which was paid to him by *Lewis;* that at the time *Kirchner* got the money, he said he wanted it to pay his hands with. *Kirchner* had a contract with the government, in which *Lewis* was his surety. Witness did not know anything about the arrangement of the parties, but he heard no claim about indebtedness or accounts from either party.

No other evidence was given as to the consideration of the note. It is not pretended that *Bundy* was not entitled to credit, or that the facts testified to by him were not true. And we think his evidence, standing, as it does, uncontradicted, shows that the note was not given upon a settlement of the mutual accounts between the parties, but for money advanced to and for the use of *Kirchner*, at the execution of the note. The court therefore erred in not allowing so much of the set-off as the proof satisfactorily established.

As to the question of the want of consideration as to $7 75 of the amount of the note, we find nothing in the evidence to justify us in reversing the finding of the court below. The note was *prima facie* evidence of its consideration. *Bundy* gave it as his impression, only, that the

amount paid by *Lewis* to *Kirchner* was only $150. It may have been more, or, if not, the residue may have been paid at another time. There is nothing in the evidence indicating that the note was intended to be made for more than the amount advanced. We cannot say that the evidence did not justify the finding of the court on that point.

For the reason given, it is our opinion that a new trial should have been granted.

The judgment is reversed, with costs, to be levied of the goods, &c., of the decedent.

*J. H. Vawter*, for appellant.

*H. W. Harrington*, for appellee.