## WILKINS *v.* FERGUSON, ADMINISTRATOR.

PAYMENT.—*Presumption of.*—A jury is authorized to presume payment of an antecedent account held by the maker against the payee of a promissory note, from the fact of the giving of such note, in the absence of proof that the account was not settled at the time the note was executed.

From the Pike Circuit Court.

*C. Denby* and *D. B. Kumler*, for appellant.

*C. M. Allen* and *F. B. Posey*, for appellee.

DOWNEY, J.—This was a claim filed against the said administrator for an alleged indebtedness of his intestate for his board and lodging for four years from April 15th, 1866, to April 15th, 1870, at five dollars per week, amounting to one thousand and forty dollars; for keeping his horse for the same period of time at two dollars per week, amounting to four hundred and sixteen dollars; and for washing and ironing the clothes of said deceased during the same time at fifty cents per week, amounting to one hundred and three dollars; making in all fifteen hundred and fifty-nine dollars.

The administrator pleaded:

1. A general denial.

2. That on the 21st day of March, 1870, the plaintiff and the deceased accounted together, and the plaintiff was found to be indebted to the deceased in the sum of one hundred and fifteen dollars, for which he executed a note to the deceased, a copy of which is filed, demanding judgment for the amount of the note.

The third paragraph alleges an agreement between the plaintiff and the intestate, by which the plaintiff agreed to cultivate certain lands of the intestate, the intestate furnishing a team, and deliver to the intestate a certain share of the crop; alleging performance on the part of the intestate and non-performance on the part of the plaintiff, and demanding judgment for eight hundred and thirty-three dollars.

The fourth paragraph relied upon a set-off.

Wilkins *v.* Ferguson, Adm'r.

Reply in denial of the answer.   Trial by jury, and verdict for the defendant for one hundred and three dollars and ninety-seven cents.   Motion for a new trial made by the plaintiff overruled, and judgment on the verdict.

The error assigned is the refusal of the court to grant the appellant a new trial.

The motion for a new trial states, as grounds upon which the new trial was asked, that the verdict was contrary to law, and was not sustained by the evidence, and that the court had erred in instructing the jury that if Joseph Wilkins executed a note as set out in the second paragraph of the answer, it was *prima facie* evidence of a settlement of accounts between the plaintiff and the deceased, which must be rebutted in order for the plaintiff to recover.

We do not find anything for our consideration arising under the first alleged reason for a new trial.   The instruction of which complaint is made is not in the record, and that point is not urged in the brief of counsel for appellant. The question discussed under the second reason for a new trial is as to the sufficiency of the evidence to rebut the presumption of a settlement between the plaintiff and the deceased, at the date of the note, which bears date March 21st, 1870.

The deceased died May 1st, 1870.   It seems probable that the jury made an allowance to the plaintiff for boarding, etc., of the deceased after the date of the note, as their verdict was for a less amount in favor of the defendant than was due on the note had no deduction been made.   We have carefully read the evidence, and, in our opinion, the jury were warranted in applying the presumption of a settlement of accounts at the date of the note, and in the finding of the verdict rendered by them.

The judgment is affirmed, with costs.