———————◆———————

## Ex Parte Loy.

MANDAMUS.—*Alternative Writ.*—Where a complaint for a mandate is filed, under section 739, 2 R. S. 1876, p. 296, and a motion is made for an alternative writ, the motion should be granted, if the complaint makes out a *prima facie* case.

From the Hendricks Circuit Court.

*S. Blair, H. J. Milligan* and *E. A. Parker,* for appellant.

NIBLACK, J.—Cornelius Loy, the appellant, filed his complaint in the court below, supported by affidavit, representing that John P. Early, Finley Bigger and Lewis Jordan are commissioners for the house of refuge for juvenile offenders, and as such commissioners constitute the Board of Control for the general supervision and government of said institution, and that James O'Brien is the superintendent of such institution, acting under the appointment and the authority of said board of control; that, by virtue of appropriations made by the Legislature of the State, and of payments made to them from time to time, in pursuance of law, the said board of control and superintendent have always had, and still have, sufficient money to pay for all necessary supplies for said institution; that, from the 24th day of February, 1869, until the 12th day of April, 1876, one Francis B. Ainsworth was the duly qualified and acting superintendent of said house of refuge; that in the month of September, 1875, the said Cornelius Loy, at the instance and request of the said Ainsworth, then superintendent as aforesaid, sold and delivered to the State of Indiana, for the use of said house

of refuge, sixteen head of beef cattle, for an agreed price, on which the sum of $472.73, with interest from the 1st day of November, 1875, is still due and unpaid; that, after said beef cattle had been delivered at said house of refuge for the use of the same as aforesaid, the said Ainsworth requested the said Loy to give him, Ainsworth, as such superintendent, a bill of said cattle, with a proper receipt indorsed thereon, for the above named sum of money, alleging, as a reason therefor, that he, said Ainsworth, had not money to pay said bill, and that it was necessary to have said bill receipted as a voucher to enable him to obtain the money from the state treasury, wherewith to pay said bill; and that said Loy gave the said Ainsworth a bill of said cattle, receipted as requested, relying upon the said representations of the said Ainsworth; that the said Ainsworth, as such superintendent, and without the knowledge or consent of the said Loy, afterward presented said receipted bill to said board of control, and obtained a credit on the books of the board for the amount thereof, the said board, at the time of allowing a credit for said bill, knowing that it had not been paid; that, in making sale of said cattle, the said Loy dealt with the said Ainsworth as an officer of the State of Indiana and on the credit of said State, and not otherwise; that, in December, 1876, the board of control made a final settlement with the said Ainsworth and his sureties on his official bond, as to various sums of money for which the said Ainsworth had not theretofore accounted, agreeing upon a gross sum to be paid by him and his said sureties, but that the claim of the said Loy above set forth was fraudulently omitted from said settlement, although said board well knew that said claim had not been paid; that there is no pretence that said claim has ever been paid and no dispute as to the amount due upon it; that the board of control and O'Brien, the present superintendent, have money in their possession

and under their control, out of which said claim can be and ought to be paid.

Wherefore the said Loy prayed that a mandate might issue to said board of control and to the said O'Brien, superintendent as aforesaid, directing them to pay said claim.

Upon the filing of said complaint, Loy moved the court for an alternative writ of mandate against said board of control and against O'Brien, the superintendent of said house of refuge, but the court overruled the motion, to which Loy excepted.

This proceeding presents a case, for which it might be difficult, perhaps, to find an exact precedent, and yet we are of the opinion, that, upon the facts alleged, an alternative mandate ought to have been issued.

Our code provides, that "Writs of mandate may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins; or a duty resulting from an office, trust or station." 2 R. S. 1876, p. 296, sec. 739.

We think the complaint brings this case fairly within the provisions of this section of the code, and makes a *prima facie* case in favor of the payment of Loy's claim, which was all that was necessary to entitle him to an alternative writ.

The judgment is reversed, and the cause remanded for further proceedings, in accordance with this opinion.