No. 13,896.

## LONG, EXECUTOR, *v.* STRAUS ET AL.

DEPOSITION.—*Notice.*—*Sufficiency of.*—A deposition will not be suppressed on the ground that the notice was insufficient, if the notice given secured the attendance of all the parties at the proper place and time.

SAME.—*Pendency of Appeal.*—Depositions to preserve testimony may be taken at any time, and the fact that the case is pending on appeal does not deprive the parties of this right.

SETTLEMENT.—*Mutual Dealings between Parties.*—*Items of Account.*—*Presumption.*—Where there are mutual dealings between parties, settlements made and notes given by one of the parties, the presumption is that the settlements covered and included all the items of the account.

PAYMENT.—*Delay in Presenting Claim.*—*Presumption.*—A delay of almost twenty years in presenting a claim, taken in connection with other circumstances, was properly treated as creating a presumption that the money deposited with the defendants had been repaid.

From the De Kalb Circuit Court.

*W. L. Penfield, H. G. Zimmerman, D. W. Green* and *F. P. Bothwell,* for appellant.

*J. H. Baker* and *F. E. Baker*, for appellees.

ELLIOTT, J.—This case is here for the second time. *Long v. Straus*, 107 Ind. 94. The questions presented by the present appeal arise on the ruling denying a new trial.

It is insisted by appellant's counsel that the court erred in refusing to suppress the deposition of Edmund D. Meagher because sufficient notice was not given, but we think counsel are in error. The notice given accomplished its purpose, for it secured the attendance of all the parties at the proper place and time, and it is quite clear, therefore, that the appellant can not successfully assert that the time intervening between the service of the notice and the time fixed for taking the deposition was insufficient.

It is also argued that, as the cause was pending in this court at the time the deposition was taken, it should have been suppressed. There is no strength in this position. The appellees had a right to take depositions to preserve testi-

mony at at any time, and the fact that the case was pending on appeal did not deprive them of this right. They were not bound to take the risk of losing the testimony ; but had there been no opportunity for using it they would have been compelled to pay the costs of securing it.

It was competent for the book-keeper to state that all loans and deposits were entered on the books of the appellees. This is so, because the evidence tended to show various settlements of accounts wherein the books were balanced, and as there were settlements made and accounts balanced, the testimony of the book-keeper tended strongly to show that the claim sued on was included in the settlements.

The instructions presented the law fully and fairly to the jury. The rule is well established, that where there are mutual dealings between the parties, settlements made and notes given by one of the parties, the presumption is that the settlements covered and included all the items of the account. *Coon* v. *Brown*, 13 Ind. 150 ; *Wilkins* v. *Ferguson*, 47 Ind. 136 ; *Dodds* v. *Dodds*, 57 Ind. 293 ; *Gregg* v. *Union County, etc., Bank*, 87 Ind. 238 ; *Lake* v. *Tysen*, 6 N. Y. 461.

Long delay in presenting a claim may, in some instances, be a circumstance tending to prove payment, and in other instances it may be sufficient, when taken in connection with other circumstances, to create a presumption of payment. In this instance it was clearly proper to treat the long delay (a delay lacking only two or three days of twenty years), taken in connection with other circumstances, as creating a presumption that the money deposited with the appellees had been repaid.

The judgment below is so clearly right, on the merits, that we could not reverse, even if we had found some errors in the record; but we have found none of any materiality whatever.

Judgment affirmed.

Filed May 27, 1890.