No. 16,296.

. WEHRS v. THE STATE.

DEPOSITION.— *When May be Taken.— Who Determines.—Refusal of Witness to Submit to Examination.—Contempt.*—The deposition of a witness may be taken under the terms of our statute, although a state of facts does not exist at the time that would render the deposition admissible in evidence.  The question as to whether a cause for taking a deposition exists is for the party who seeks to take it, and a witness may be punished for contempt for his refusal to submit to the examination. The statutes of the State do not enumerate any causes for taking depositions, but simply provide for the causes in which they may be read.  See sections 423 and 432, R. S. 1881.

From the Allen Superior Court.

*A. Zollars* and *B. T. Calvert,* for appellant.
*W. G. Colerick* and *H. Colerick,* for the State.

COFFEY, J.—On the 1st day of June, 1891, Phillip Miller instituted suit in the Allen County Superior Court against

the Pennsylvania Company, seeking to recover damages on account of a personal injury received by him while employed as a laborer in the shops of the company. He sought to take the deposition of the appellant, and other witnesses, to be used on the trial of such action, and for that purpose served upon the solicitor of the company a notice that he would, at a given time and place, proceed to take such depositions.

On the day named the appellant appeared as a witness, with others, and the company also appeared by its attorney. Miller having propounded questions to the witnesses present calculated to elicit evidence material to the issues in his suit against the company, the company, by its attorney, objected to the witnesses answering, upon the ground that Miller had no right, at the time and in the manner attempted, to take the depositions of such witnesses, instructed them not to answer, and under such instructions the witnesses refused to answer the questions propounded to them.

Upon such refusal the notary public, before whom it was sought to take the depositions, reported the fact to the court in which the case was pending, and in answer to a rule to show cause why they should not appear and give their depositions, the appellant, and others, appeared and filed an affidavit showing, among other things, that he was a married man, residing in his own property, with his family, in the city of Fort Wayne, with no intention or purpose of leaving the city either permanently or temporarily ; that at the time of the injuries set up in the complaint he was, and still is, in the employ of the Pennsylvania Company, working in its shops at the city of Fort Wayne ; that he had been informed by the attorney for that company that he would be called and used by it as a witness on a trial of the cause between it and Miller ; that he was in good health, had never been sick, was only thirty-two years old, and was not likely to get sick before the cause could be tried ; that he had not been threatening to, and would not make any effort to avoid the pro-

cess of the court requiring him to be present as a witness at the trial of said cause, but, on the contrary, would appear at the trial and testify to the truth as he understood it ; that he had been informed and believed that if his deposition was taken it could not be used on the trial ; that he was informed, and had good reason to believe, that Miller was endeavoring to take his deposition, not for the purpose of using it as evidence on the trial of the cause, but simply for the purpose of discovering, in advance, what the testimony of the company would be on the trial of the cause.

In answer to this statement Miller filed an affidavit in which he stated that the witnesses whose depositions he sought were the only witnesses to his injury, except one Craig, who had left the State, and whose residence was then unknown to him ; that he was seeking to take their depositions in order to secure the production of their evidence in his cause, and for the purpose of securing justice on the trial.

The court entered an order requiring the appellant, and the other witnesses, to appear at a time and place named, and give their depositions. With this order the appellant refused to comply, for which disobedience he was fined and imprisoned by the court. By this appeal he seeks to reverse the judgment of the court in thus punishing him as for a contempt.

His position, briefly stated, is that, inasmuch, as there existed no state of facts at the time Miller sought to take his deposition which would authorize him to read it when taken, he was not bound to submit to an examination ; in other words, that a deposition can not be taken, under the terms of our statute, unless such a state of facts exists, at the time, as would render the deposition admissible in evidence. This question involves the construction of our statutes upon the subject of taking and reading depositions in evidence on the trial of causes in the courts of this State.

Section 423, R. S. 1881, provides that " In all actions, dep-

ositions may be taken by either party, in vacation or term-time, at any time after service of summons, without order of court therefor. They may be used in the trial of all issues, in any action, in the following cases :

"*First.* Where the witness does not reside in the county, or in a county adjoining the one in which the trial is to be held, or is absent from the State.

"*Second.* When the deponent is so aged, infirm, or sick as not to be able to attend the court or other place of trial, or is dead.

"*Third.* When the depositions have been taken by agreement of parties, or by the order of the court trying the cause.

"*Fourth.* When the deponent is a State or county officer, or a judge, or a practicing physician, or attorney-at-law, and the trial is to be held in any county in which the deponent does not reside. In either of the foregoing cases the attendance of the witness can not be enforced.

"*Fifth.* When notice is given fixing the time of taking any deposition on a day in term time, the court may, if in session, or the judge thereof in vacation, on notice given by the adverse party of the time and place of hearing the motion, fix another day for such taking, and the court on the hearing of such motion, may fix the time for such taking, from which there shall be no appeal."

Section 432 provides that "When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that the cause for taking and reading it still exists."

Section 265, R. S. 1843, p. 720, made the causes for using depositions, under our present statute, the causes for taking such depositions, but the revision of 1852 (2 R. S., section 271, p. 89) failed to enumerate any causes for taking depositions, but did provide for the causes in which they might be read when taken. 2 R. S. 1876, p. 140, section 432, *supra*, is copied from the revision of 1852.

If section 423, *supra,* stood alone, the question we are now considering would be free from difficulty, but it is contended that it must be construed in connection with section 432, and when so construed it does not authorize the taking of a deposition unless a state of facts exists at the time which would enable the party taking it to read it in evidence.

In the case of *Griffin* v. *Templeton,* 17 Ind. 234, *Haun* v. *Wilson,* 28 Ind. 296, and *Indianapolis,etc.,R. R. Co.* v. *Stout,* 53 Ind. 143, cited by appellant, the question here was not presented to the court for consideration, and they are not, for that reason, to be regarded as authorities in point.

The case of *Hazlett* v. *Gambold,* 15 Ind. 303, would seem to be more nearly in point. In that case the witness, whose depositions were offered in evidence, resided in an adjoining county. Over the objections of the appellants they were read in evidence without proof that such witness came within any of the cases fixed by statute authorizing their depositions to be read. In reversing the judgment for this reason the court said: "Assuming that the objection to the depositions was made at the proper time, the ruling of the court can not be maintained; because the statute, though it allows depositions to be taken 'in all actions,' does not allow them to be read in evidence in any case, other than those which it points out."

As no cause for taking depositions is specified in the statute, it is reasonable to presume that the Legislature did not think any litigant would be willing to incur the cost and trouble of taking testimony in that mode without some reason existing for so doing. The fact that a party had instituted suit in court and served his adversary with process was, doubtless, thought to be a sufficient guaranty that he was taking testimony in good faith when taking depositions relating to the matter in controversy. It is, perhaps, true that depositions are seldom taken unless a state of facts exists which would enable the party taking them to use them

in evidence upon the trial of the cause, and the existence of such facts is, generally, the moving cause which prompts a party to the suit to incur the expense which such a course entails. When taken because such a state of facts exists, before they can be read it must be shown to the satisfaction of the court that such cause still exists at the time of the trial. If taken because the witness is sick, a county or State officer, a practicing physician or attorney, it must be shown before they can be read that the cause for taking and reading still exists, but it does not follow that a party taking depositions can not read them because the facts do not exist, at the time they were taken, which would enable him to read them. If a party to a suit should take the deposition of a witness in good health, residing in the county where the trial was to be had, and such witness should die or become insane before the trial, we do not think his adversary could prevent the reading of the deposition by proof that no state of facts existed at the time it was taken which would render it admissible in evidence. It would be sufficient, we think, to satisfy the court at the time of trial that the witness was dead, or had, since the taking of the depositions, become insane. The state of facts existing at the time the deposition was taken would be wholly immaterial.

The construction contended for by the appellant, if adopted, would, we think, lead to the utmost confusion.

Depositions are often taken when no court is in session. As they are taken, under our statute, without any order of court therefor, who would determine the necessity for so doing? Is it a question for the witness to determine, or for the officer before whom they are to be taken? If it is a question for the witness, an unwilling witness would generally decide that no cause for taking his deposition existed, and would refuse to submit to an examination. We think the question as to whether a cause for taking depositions exists is for the party who seeks to take them, just as he determines the necessity for subpœnaing witnesses to attend.

court on the trial of his cause. If it be said that the right is liable to abuse, it may be answered that it is no more liable to abuse than the right to subpœna and compel the attendance of witnesses at court. They are both subject to abuse, but under present legislation there is no remedy for it except to tax the party who abuses such privilege with the unnecessary costs he makes.

In our opinion Miller had the legal right to take the deposition of the appellant, and for that reason the court did not err in punishing him for his refusal to submit to examination.

Judgment affirmed.

Filed Sept. 13, 1892.