THE STATE, EX REL. SOMMERLAD ET AL., *v.* NICKER-
SON ET AL.

[No. 18,777.    Filed April 5, 1900.]

JUSTICES OF THE PEACE.—*Change of Venue.—Costs.*—Payment of
costs is a condition precedent to the right of change of venue in
actions before justices of the peace.

From the Marion Superior Court.    *Affirmed.*

*W. P. Adkinson*, for appellants.

*S. W. Mansfield, S. N. Chambers, S. O. Pickens* and *C.
W. Moores*, for appellees.

BAKER, J.—The relators filed their verified application
for a writ of mandate, showing that appellee Thudium had
begun an action against relators in the court of appellee
Nickerson as justice of the peace for Center township in
Marion county; that relators appeared on the return day
and filed a proper affidavit for a change of venue from the
township; that the justice refused to grant the change except
upon payment of the costs of the change in advance, which
the justice stated to be $2; that relators refused to pay any
sum in advance, but stated their ability and willingness to
pay, after the change was granted and the transcript pre-
pared, whatever sum might legally be found due for the
completed work; that the justice declined to grant the change
on the terms proposed by relators; that afterwards on the
same day, in the absence of relators, the justice rendered
judgment in the case; that two days later relators tendered
the justice $2 and demanded that he grant the change of
venue and prepare and transmit the transcript; that the
justice refused; and that the appellees are about to take steps
to enforce the judgment.    On this application, the court
declined to proceed.

As the parties who are named as appellees were not
brought into court by alternative writ or otherwise, they were

not parties to the judgment, and this appeal should have been prosecuted as an *ex parte* proceeding. *Ex parte Loy*, 59 Ind. 235. But, so considered, the application affords no basis for sustaining a motion for the issuance of an alternative writ. The statute in relation to proceedings in justices' courts provides that "No change of venue shall be granted, except on payment, or confession of judgment therefor and replevy thereof, of all costs occasioned by the change". §1469 R. S. 1881 and Horner 1897, §1537 Burns 1894. Payment is a condition precedent to the right. The costs that will be occasioned by the change can be readily ascertained; and, if an overcharge is made by the justice, the party has ample remedies by civil and criminal actions. If the party should tender the justice the lawful costs that would be occasioned by the change, he might be entitled to a writ of mandate to compel the justice to grant the change; but these relators declined to pay or secure the costs as the statute requires. Cases cited in reference to the right to have changes of venue in circuit courts are inapplicable, because the statute providing therefor (§413 R. S. 1881 and Horner 1897, §417 Burns 1894) is essentially different from the statute here involved.

Judgment affirmed.