Young, Executor, *v.* Paul.

[No. 10,905. Filed November 1, 1921.]

1. Compromise and Settlement.—*Acceptance of Note.—Presumption as to Settlement of Demands between Maker and Payee.*—The execution and acceptance of a note is *prima facie* evidence of a settlement and adjustment of all existing demands between the maker and payee. p. 542.

2. EXECUTORS AND ADMINISTRATORS.—*Claims Against Estate.—Settlement by Note. — Presumptions. — Instructions.* — In an action on a claim against a decedent's estate for services rendered, in which a note given to claimant by decedent was interposed to show settlement, a tendered instruction that the note was conclusive between the parties in the absence of fraud or mistake, was properly refused, since the note was only *prima facie* evidence of settlement of all existing demands between the maker and payee. p. 542.

3. EXECUTORS AND ADMINISTRATORS.—*Claims Against Estate.—Claimant's Acceptance of Note.—Burden of Showing Settlement.—Instructions.*—In an action on a claim against a decedent's estate for services rendered, in which it was claimed that a note was given by decedent to claimant in full settlement of all her demands, an instruction that the burden was upon defendant to prove that the note was given as a settlement in full and that claimant agreed to the settlement and accepted the note as such, was erroneous, since the acceptance of the note was *prima facie* evidence that decedent and claimant had a settlement, and defendant was not required to prove that claimant agreed to, and accepted the note as a settlement. p. 544.

From Huntington Circuit Court; *George M. Eberhart,* Judge.

Action by Barbara E. Paul on a claim against the estate of Chester L. Brown, deceased. From a judgment for plaintiff, Harry J. Young, executor, appeals. *Reversed.*

*C. W. Watkins* and *C. A. Butler,* for appellant.
*Samuel E. Cook* and *Otto H. Krieg,* for appellee.

McMAHAN, J.—Appellee filed her claim against the estate of Chester L. Brown for services rendered by her as housekeeper for a period of 572 weeks immediately prior to June 1, 1917, at $15 per week, totaling $8,580. The claim as filed is in two paragraphs. The first paragraph alleges that appellee performed the services and asks that she be allowed the value thereof. The second paragraph sets out in detail the circumstances surrounding her employment by appellant's decedent the character of the work performed by her.

the value thereof, that decedent had promised to make provision for her in his will in order to pay her for such services, the execution of his will and his failure to make any provision for her.

Appellant answered: (1) General denial, (2) payment, (3) settlement June 2, 1917, at which time decedent gave appellee his note for $1,000, (4) and (5) statute of limitation. There was a verdict in favor of appellee for $2,340, and judgment accordingly.

The only question presented by the assignment of errors relates to the action of the court in overruling appellant's motion for a new trial. The evidence discloses that appellee acted as housekeeper for the father and mother of the decedent for many years. Following their death she continued to serve the decedent in the same capacity from June, 1908, to June, 1917, when he married and broke up housekeeping at Huntington. On June 2, 1917, the decedent gave appellee his note for $1,000 due five years from date with six per cent. interest. The consideration for this note is not proven with any degree of certainty. There is evidence tending to show that the decedent prior thereto had borrowed about $285 from appellee. There is no other evidence as to the consideration for which this note was given. June 1, 1918, the decedent paid the interest on this note. He was a traveling man and away from home most of the time. Generally he was at home the last of the week and over Sunday. The administrator without any objection on the part of appellee testified that the decedent said he had borrowed $275 or $285 from appellee; that part of the note was for money he had borrowed from appellee; that he had included that in the note he had given her and that he had settled with her in full to the time when he broke up housekeeping. On May 31, 1918, the decedent wrote a letter to appellee and

inclosed a check for $60 which paid the interest on the note to June 2, 1918, and stated that if she needed any part of the money before it was due to let him know. After the death of the decedent, appellee went to see appellant, told him she had a claim against the estate, and when asked what her claim was, said a note for $1,000. She made no mention of any claim for unpaid wages. She also talked with Mr. Butler, who was attorney for appellant, telling him she had a claim against the estate, and that her claim was in the form of a note for $1,000. She talked with one of the bankers in Huntington and made the same statement to him. Mr. Butler referred her to another attorney. She first filed the note as a claim against the estate. It was allowed, and later the claim now in controversy was filed.

We have given this brief statement of the evidence concerning this note, in order that a better understanding may be had of the instructions given and refused in reference to it.

Appellant contends that the execution of this note is *prima facie* evidence that it was given as a settlement of all indebtedness which his decedent at that time owed appellee, and that the court erred in refusing to give instruction No. 1 tendered by him, which after calling attention to the $1,000 note, in substance, told the jury that where parties having accounts meet and a note is given the presumption is that there was a settlement and that all matters between them are included in the note, that they should act on the presumption that there was a full settlement and the note was final, and in the absence of fraud or mistake was binding on both parties, and if the appellee had not shown any fraud or mistake by a preponderance of the evidence she was bound by the settlement.

It is well settled that the execution and acceptance of a note is *prima facie* evidence of a settlement and

adjustment of all existing demands between the maker and payee. *Campbell* v. *Hays* (1849), 1 Ind. 547; *Boffandick* v. *Raleigh* (1858), 11 Ind. 136; *Thornton* v. *Williams* (1860), 14 Ind. 518; *Gaskin* v. *Wells* (1860), 15 Ind. 253; *Kirchner* v. *Lewis, Admx.* (1866), 27 Ind. 22; *Long, Exr.*, v. *Strauss* (1890), 124 Ind. 84, 24 N. E. 664; *Bishop, Admr.*, v. *Welch* (1871), 35 Ind. 521. In the case last cited the evidence showed that appellee had given certain notes to the decedent. The administrator there asked the court to charge the jury that the giving of the note was *prima facie* evidence of a settlement of accounts existing between the parties at the dates of giving such notes. In reversing the judgment because of the failure to give the instruction, the court said: "We think the instruction should have been given. The execution of a note raises a presumption of a settlement, but this is not a conclusive presumption, but may be overcome by evidence showing that the claim sued upon was not included in the settlement, or that the note was given upon another and different consideration."

The instruction tendered, if given, would not only have instructed the jury that the giving of the note is presumptive evidence of a settlement, but it went further and said that "the note is final and in the absence of fraud or mistake" is binding on both parties, and that appellee cannot contradict the note unless she shows by a preponderance of the evidence that there was fraud or mistake in giving the note. The instruction, in so far as it stated that the giving of the note was presumptive evidence of a settlement, was correct, but the statement, relative to the note being binding in the absence of fraud or mistake, is confusing. The execution of the note created a presumption of settlement. This presumption, however, is a rebuttable one and may be overcome by any ex-

planation on the part of appellee showing that the claim filed against the estate of the maker of the note was not included in the note. No evidence of fraud or mistake is necessary in order to overcome the presumption of settlement. The introduction of the note made a *prima facie* showing of settlement which would include the claim sued on in this action, and in the absence of evidence sufficient to overcome the presumption would have required a verdict and judgment against appellee. If there was an actual settlement of all the matters in controversy between appellee and the decedent and the note was given as a settlement, that settlement in the absence of fraud or mistake would be binding on both of the parties to it. But if the note was simply given for borrowed money and it was not the intention of the parties that it was to include anything for services, the execution of the note would not prevent appellee from recovering on her account for services if the evidence otherwise shows her entitled to recover. The acceptance of the note by appellee made out a *prima facie* defense to her claim for services rendered prior to the giving of such note and in the absence of any evidence to the contrary would prevent a recovery by her. But if the evidence were sufficient to prove that the claim for services was not included in the note, the giving of the note would not prevent a recovery. The giving of the note was only *prima facie* evidence that the account sued on was included in the note. The instruction went further and in effect told the jury that the giving and acceptance of the note was conclusive evidence of a settlement in the absence of fraud or mistake. The giving of the note was one thing—the settlement, if one was had, was another thing. If a settlement was had it could not be avoided in the absence of fraud or mistake. Had the instruction tendered simply asked the court to inform the jury that the giving and acceptance of the

note was *prima facie* evidence of a settlement and that it included all that was due appellee at the time when it was given, and that the burden was on her to overcome this *prima facie* showing the court would doubtless have given it. The instruction, however, went beyond this and was for this reason properly refused.

Instruction No. 9, given at the request of appellee, is in part as follows: "The burden is upon the defendant to prove by a preponderance of the evidence that said note was given as a settlement in full and the evidence must go a step farther and show that said Barbara E. Paul agreed to said settlement and accepted said note as a settlement."

As heretofore stated the execution of this note was *prima facie* evidence that the decedent and appellee had a settlement and that the amount named in the note was all that the decedent owed appellee.

When appellant proved that such a note had been executed by the decedent and accepted by appellee, appellant was not required "to go a step farther and show that Barbara E. Paul agreed to said settlement and accepted said note as a settlement." The acceptance of the note by appellee made a *prima facie* showing that there had been a settlement and unless the evidence was sufficient to overcome the presumption of settlement raised by the execution of the note there should have been a verdict and judgment against appellee. The giving of this instruction was error.

There is some evidence to the effect that the decedent had borrowed not to exceed $300 from appellee, and if the jury had been fully and correctly instructed as to the presumption arising from the acceptance by appellee of the $1,000 note, the result might have been different. The evidence is not such as to convince us that the cause should be affirmed on the theory that a correct result has been reached.

The judgment is reversed with directions to sustain the motion for a new trial and for further proceedings consistent with this opinion.