KARK *v.* CENTRAL GREYHOUND LINES, INCORPORATED, ET AL.

[No. 17,779. Filed April 14, 1949. Rehearing denied May 5, 1949. Transfer denied June 3, 1949.]

304

*John A. MacLennan,* of Indiana Harbor; *Jay E. Darlington,* of Hammond, for appellant.

*Alfred H. Highland,* of Hammond; *Emmet M. La-Rue,* of Rensselaer; and *Peters & Highland* (of counsel), of Hammond, for appellees.

ROYSE, P. J.—Appellant brought this action against appellees for damages for alleged personal injuries arising out of a collision between appellant's automobile and a bus of appellees. Trial to a jury resulted in verdict in favor of appellees.

This appeal presents but two questions: First, Did the trial court err in overruling appellant's motion to quash the notice and subpoena which appellees served to take the deposition of one Alvin Fladeland preceding the trial? Second, Irregularity in the proceedings of the court by which plaintiff was prevented from having a fair trial, consisting of the fact that the jury which tried the case was not lawfully selected and was not a lawful jury, due to the fact that the Judge, without exhausting the available panel of regularly drawn veniremen, arbitrarily took it upon himself to have his bailiff notify two outsiders several days before the trial to appear for jury duty, which they did, with the result that both served on the jury and one became the foreman—all without compliance with the several statutes governing such matters and without plaintiff's knowledge of these facts until the date of filing motion for new trial. This ground of the motion for new trial was verified and uncontradicted.

In support of his first question appellant asserts there was no statutory authority for taking the deposi-

tion because Fladeland lived in an adjoining county and appellees knew he would be appellant's chief witness; that appellees had no intent of taking the deposition for any legitimate purpose but took it solely for the purpose of conducting a pre-trial inquisition of appellant's chief witness to learn under oath beforehand all that he was going to testify against them at the trial; that this constituted an abuse of process.

The first sentence of § 2-1506, Burns' 1946 Replacement, provides as follows:

"In all actions, depositions may be taken by either party, in vacation or term time, at any time after service of summons, without order of court therefor."

The section then enumerates the cases in which depositions may be used in the trial of issues.

Section 2-1515, Burns' 1946 Replacement, provides as follows:

"When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that the cause for taking and reading it still exists."

The foregoing provisions of the statute were construed in the case of *Wehrs* v. *The State* (1892), 132 Ind. 157, 161, 163, 31 N. E. 779. The Supreme Court held a deposition may be taken under the statute although at the time it is taken a state of facts does not exist which would make it admissible in evidence. In that case the court said:

"We think the question as to whether a cause for taking depositions exists is for the party who seeks to take them, just as he determines the necessity for subpoenaing witnesses to attend court on the trial of his cause. If it be said that the right is liable to abuse, it may be answered that it is no more liable to abuse than the right

to subpoena and compel the attendance of witnesses at court. They are both subject to abuse, but under present legislation there is no remedy for it except to tax the party who abuses such privilege with the unnecessary costs he makes."

In the more than fifty years that have elapsed since that decision there has been no change in the above quoted provisions in the statute. See also, 1 Watson's Rev., *Works' Practice & Forms*, pp. 754, 755, § 1160; 2 Gavit, *Indiana Pleading & Practice*, p. 2003, § 301.

We are of the opinion the trial court did not err in overruling appellant's motion to quash the notice and subpoena to take this deposition.

In support of his second question, appellant asserts it was reversible error for the trial court to select and call in two strangers for jury service who had not been drawn or obtained as provided for by law. Appellees contend if this was error, it was waived by appellant because not raised until after the verdict, and it is not shown he used due diligence in discovering it.

In the case of *Fenwick* v. *State of Indiana* (1926), 197 Ind. 572, 150 N. E. 764, the appellant was arrested on an affidavit January 2, 1923. He was tried before a jury April 25, 1923. In his verified motion for a new trial he questioned the manner in which the regular jury was selected. He pointed out numerous failures to comply with the statutes on this subject. Under oath he disclaimed any knowledge of these facts until after the jury had returned its verdict. In overruling his contention, the Supreme Court said, at p. 574:

"An examination of the public records in the clerk's office any time after his arrest and before April 25, the date of the trial, would have disclosed all the facts of which he claims ignorance.

> Upon the circumstances shown, appellant, by accepting the jury to try his case, waived all right to question the manner in which the jurors had been drawn. Hence, we hold that the objections now urged as to the qualifications of the jury commissioners, and the manner of selecting the panel for the April term, whatever merit they may have, came too late."

The record before us indicates two members of the jury which tried this cause were not selected in the manner provided by our statutes. Certainly if timely objection had been made to the placing of these two persons on the jury the trial court would have been required to sustain such objection. However, it is well settled that a party may waive the provisions of these statutes. *Souerdike et al.* v. *State of Indiana* (1938), 214 Ind. 523, 527, 15 N. E. 2d 379; 31 Am. Jur., Jury, § 119, p. 647; 50 C. J. S., Juries, § 251b, p. 1012.

Section 4-3306, Burns' 1946 Replacement, provides that the clerk shall record and certify the names of persons drawn for regular petit juries on the proper order books of the court. An examination of these records at any time during the term before trial would have disclosed these two persons were not members of the regular panel. Also, this situation could readily have been discovered on the voir dire examination. Parties who demand the right to have the provisions of these statutes complied with have a duty to use diligence in ascertaining whether they have been followed. In the event there has been an irregularity they must make timely objection to the trial court. It is too late to raise the objection made here after an adverse verdict has been returned.

Judgment affirmed.

Draper, J.—Not participating.

NOTE.—Reported in 85 N. E. 2d 277.