STATE EX REL. JOINT COUNTY PARK BOARD OF RIPLEY,
DEARBORN AND DECATUR COUNTIES *v.* VERBARG,
SPECIAL JUDGE, ET AL.

[No. 28,667.   Filed May 1, 1950.]

*Paul V. Wycoff,* of Batesville, *Ewing E. Wright,* of Osgood, and *Amos W. Jackson,* of Versailles, for relator.

EMMERT, J.—This is an original action for an alternative writ of mandamus to require the trial court to comply with a previous mandate of this court made in *Joint County Park Board of Ripley, Dearborn, and Decatur Counties* v. *Stegemoller, et al.* (1949), 228 Ind. 103, 88 N. E. 2d 686. The opinion on the petition for rehearing did not modify the original mandate. Ante, p. 118, 89 N. E. 2d 720. The mandate reversed the judgment and instructed the trial court to vacate the ruling sustaining objections numbered 3, 4, 5 and 6, "and to take further proceedings in such matter consistent with this opinion."

It appears from the exhibits to the petition in this original action that upon the receipt of the mandate the trial court did vacate its judgment, and also vacated the rulings sustaining objections numbered 3, 4, 5 and 6, in full compliance with our mandate. However, petitioner herein insists that full compliance with our mandate "to take further proceedings in such matter consistent with this opinion" requires that the trial court overrule each of these objections as requested by petitioner. This the trial court has not done, nor has it made any ruling upon defendants' motion for leave to amend their objections.

The correctness of our decision in the former appeal is not now open to question, since what was

there decided, whether right or wrong, becomes the law of the case in all subsequent proceedings. *State ex rel. Mavity* v. *Tyndall* (1947), 225 Ind. 360, 74 N. E. 2d 914; *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N. E. 2d 199; *New York Life Ins. Co.* v. *Kuhlenschmidt* (1940), 218 Ind. 404, 33 N. E. 2d 340; *Collins* v. *Siegel* (1938), 214 Ind. 206, 14 N. E. 2d 582; *Rooker* v. *Fidelity Trust Co.* (1931), 202 Ind. 641, 177 N. E. 454; *Chicago & Erie R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681; *Currier* v. *Elliott* (1895), 141 Ind. 394, 39 N. E. 554.

In the previous appeal we restated the well established rule that under § 3-1705, Burns' 1946 Replacement, the statutory objections were to be in legal effect either demurrers or answers, but that the same objection could not serve as both a demurrer and an answer. A strict adherence to this fundamental law distinguishing a demurrer from an answer must be observed if difficulty is to be avoided in the making of issues in a condemnation action.

In *Toledo, etc. Traction Co.* v. *Toledo, etc. R. Co.* (1908), 171 Ind. 213, 86 N. E. 54, this court clearly recognized the distinction between an objection which served the purpose of a demurrer, and an objection which constituted an answer. The plaintiff in the trial court had filed a motion to strike out defendant's objection number 10, and the motion to strike was treated by the trial court as performing the office of a demurrer, which was sustained, and this ruling was assigned as error upon appeal. This court stated that if the plaintiff "desired to test the sufficiency of this pleading in respect to the facts therein alleged, it should have demurred, as provided by the

code, to an answer of a defendant in a civil action." (Page 224). Judge Montgomery filed a separate concurring opinion in which he disagreed "with so much of the opinion as sanctions the practice of demurring to an objection to a complaint in condemnation proceedings." (Page 237). In *Joliff* v. *Muncie, etc., Light Co.* (1914), 181 Ind. 650, 105 N. E. 234, this court affirmed a judgment of the trial court which had sustained demurrers to nineteen separate objections, and in *Clinton Coal Co.* v. *Chicago, etc., R. Co.* (1921), 190 Ind. 465, 130 N. E. 798, this court affirmed the ruling of the trial court sustaining demurrers to five separate objections without any suggestion that the practice was improper. The well considered case of *Cottrell* v. *Chicago, etc. R. Co.* (1923), 192 Ind. 692, 138 N. E. 504, is of value in considering the procedural question involved. It was there held that, (1) a general denial of facts alleged in the petition, (2) specific denials of particular facts alleged in the petition, and, (3) denials of certain conclusions of law which necessarily follow if the facts alleged in the petition stated a cause of action, were insufficient when tested by demurrers, which procedure was necessarily approved by the affirmance of the judgment of the trial court. In that case the trial court heard evidence on the issues formed by other objections to which no demurrer had been filed. Since a demurrer is a proper way to test the legal sufficiency of an objection which is an answer, it logically follows that such an objection should not be overruled, in the absence of evidence thereon, without its legal sufficiency being tested by a demurrer thereto.

The opinion and the transcript in *Westport Stone Co.* v. *Thomas* (1911), 175 Ind. 319, 94 N. E. 406, disclose no demurrer was filed to any objection, and there was no discussion of the procedure to be followed

in attacking the legal sufficiency of an objection which attempted to state a cause of defense. The holding of that case that an objection which was insufficient as an answer should be overruled when it appeared as a matter of law that it was insufficient, must be considered overruled by implication by the subsequent decisions holding the proper manner to raise the question is by demurrer to the objection.

The provision of § 3-1705, Burns' 1946 Replacement, "That amendments to pleadings may be made upon leave of court," is not limited to amendments by the plaintiff. But when amendments are required to be made by leave of court it is necessarily implied that the court may refuse leave in the exercise of sound legal discretion which will only be reviewed for an abuse thereof. 1 Watson, *Works' Practice and Forms* 542, § 780; 2 Lowe, *Works' Indiana Practice* 81, § 21.8; 1 Gavit, *Indiana Pleading and Practice* 682, § 148. In our opinion on the petition for rehearing, ante p. 118, 89 N. E. 2d 720, we noted the summary nature of this special proceeding, and therefore it is the clear duty of the trial court to expedite the closing of the issues. Certainly no amendment should be permitted if not made with due diligence on the part of the moving party. The limited right to amend must not be exerised to defeat the summary nature of the action.

Our mandate upon reversal did not order the trial court to overrule objections numbered 3, 4, 5 and 6 although the decision did hold it was improper to sustain each of these objections. The effect of the mandate when complied with was to place the record of the trial court in the same position it was before any ruling as to these objections had been made. As the record now stands in the trial court, the mandate has been fully complied with at this stage of

the proceedings. The prayer of the petition is that we issue the alternative writ of mandamus to order the trial court to overrule objections numbered 3, 4, 5 and 6, or to show cause why it should not be done. But the writ will not issue out of this court unless the petition states a prima facie case. *Ex Parte Loy* (1877), 59 Ind. 235; *Hinton* v. *Youngblood* (1945), 224 Ind. 16, 63 N. E. 2d 196; *Bevington* v. *Baker* (1943), 222 Ind. 24, 51 N. E. 2d 635; *State ex rel. Jones* v. *Smith* (1942), 220 Ind. 645, 45 N. E. 2d 203; *State ex rel. Spence* v. *Worden* (1941), 219 Ind. 532, 39 N. E. 2d 733; 38 C. J. 909, 910, § 653. Since the petitioner here failed to state a prima facie case the petition is denied.

NOTE.—Reported in 91 N. E. 2d 916.