STATE OF INDIANA ON RELATION OF WALL *v.* CASS CIRCUIT COURT, REED, SPECIAL JUDGE, ETC.

[No. 29,076. Filed February 5, 1954. Rehearing denied March 31, 1954.]

*Hillis & Hillis,* of Logansport, for relator.

*Hurst & Grund,* of Peru, and *Hanna & Small,* of Logansport, for respondents.

PER CURIAM—We issued an alternative writ of mandamus directed to respondents commanding the court, in cause number 4587 entitled "In the Matter of the Petition of Edna Wall," to hold a hearing on the approval of a contract to reconstruct a drain, and the bond to secure the same, or show cause why the same should not be done. This controversy was previously before this court in *Wall* v. *Wilson* (1952), 231 Ind. 207, 105 N. E. 2d 343.

This court does not conduct a hearing or take testimony in proceedings for writs of mandamus or writs of prohibition, yet this court does not act in such matters without evidence. The evidence in such proceedings consists of the verified petition and the return, and proper exhibits to each. Rule 2-35 requires that "If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto."

Relator as an exhibit to her petition has filed certified copies of minutes made in the court's bench docket, but no cause is shown why the order book entries in this proceeding are not filed as exhibits. In *Cook* v. *State* (1941), 219 Ind. 234, 238, 37 N. E. 2d 63, this court laid down the correct rule as to how a court action is shown as follows: "The court speaks by its record, which is the order book. Order book entries do not depend for their validity or stability upon memoranda entered in the bench docket. It is true that when action is taken, a record of which is omitted from the order book, minutes in the bench docket may be the basis for establishing that the order was made and the means by which it may be procured to be entered

*nunc pro tunc,* and when an entry on the order book is inconsistent with minutes made at the time the order was made, the minutes may be the basis for a correction."

The burden was on the relator to prove, in compliance with the rule, the action of the court of which she complains. For failure to comply with the rule, the alternative writ heretofore issued is vacated and annulled, and the petition is now denied.

NOTE.—Reported in 117 N. E. 2d 126.