STATE OF INDIANA EX REL. ROONEY, BRETSCH *v.* LAKE
CIRCUIT COURT, KAUL, JUDGE.

[No. 29,479. Filed February 11, 1957.]

346

*William S. Isham* of Fowler, and *Jay E. Darlington*, of Hammond, for relators.

*Joseph J. Daniels, Karl J. Stipher, Stephen W. Terry, Jr.*, of Indianapolis and *Herbert A. Friedlich*, of Chicago, Illinois, for respondents.

EMMERT, J.—This is an original action for an alternative writ of mandamus to require the Lake Circuit Court to order certain witnesses to appear and testify by deposition pursuant to §2-1509, Burns' 1946 Replacement, and to vacate its prior order denying such relief. We issued the alternative writ, and the verified return pleads justification for refusal to make the order.

Relator's brief contends the return fails to comply with Rule 2-35 in that it fails to incorporate or have as exhibits thereto certified copies of all pleadings, orders and entries pertaining to the subject matter of the action pending in the Warren Circuit Court, Civil Cause No. 7231, entitled Andrew Rooney v. City of East Chicago, et al., and that, therefore, the return is insufficient.

In *State ex rel. Wall* v. *Cass Circuit Court* (1954), 233 Ind. 192, 117 N. E. 2d 126, we noted we do not conduct a hearing in original actions, but that the verified pleadings constitute the evidence, and that court proceedings must be proved as required by Rule 2-35. Since no certified copies of order book entries of the Warren Circuit Court were incorporated in or attached as exhibits to the return, it pre-

sents nothing as to the action by the Warren Circuit Court.[1]

However, the petition does have as an exhibit a transcript of the court proceedings before the Lake Circuit Court, including a bill of exceptions, and from this evidence we are enabled to decide the issue presented. When we issued the alternative writ we did decide the petition had made a *prima facie* case. *State ex rel. Joint County Park Board* v. *Verbarg* (1950), 228 Ind. 280, 91 N. E. 2d 916; *State ex rel. Gary Rys., Inc.* v. *Roszkowski, Judge* (1953), 231 Ind. 669, 110 N. E. 2d 746. However, this rule does not prohibit us from a reconsideration of our order issuing the writ. *State ex rel. Woods* v. *Knox C. C.* (1954), 233 Ind. 552, 121 N. E. 2d 880. If the writ was improvidently issued, it should now be revoked.

From petitioners' transcript, it was admitted by counsel for relators that the cause of *Rooney* v. *City of East Chicago, et al.* was being tried in the Warren Circuit Court when the plaintiff sought to take the depositions of eleven persons, some defendants and some not parties, all of whom were residents of Lake County. The petitioner failed to show any order of the Warren Circuit Court for the taking of these depositions, and we hold this burden was upon him.

Relators contend the plaintiff Rooney was not required to obtain a court order under §2-1505, Burns' 1946 Replacement,[2] even though the trial

---

1. Two supplemental returns did plead certified copies of the order book entries of the Warren Circuit Court showing a subsequent finding and judgment for the defendants in *Rooney* v. *City of East Chicago et al.*, No. 7231, and the overruling of a motion for new trial, but we do not deem these subsequent records material to the decision of this original action.

2. "In all actions, the court may order the taking of depositions, whenever deemed necessary to determine the rights of the parties, or to expedite the trial of causes; and may, if necessary for that purpose, order a continuance until the next term." Section 2-1505, Burns' 1946 Replacement [Acts 1881 (Spec. Sess.), ch. 38, §291, p. 240].

was in progress, but as of right could take the depositions the same as before trial under §2-1506, Burns' 1946 Replacement. We do not agree with this construction of the two sections. If we were to agree with relators' position, then §2-1505, Burns' 1946 Replacement, would be useless and surplusage. Clauses 1 and 4 of §2-1506, Burns' 1946 Replacement,[3] indicate the deposition is to be taken before trial. Any other construction would permit a party as of right to dictate to the court when the trial should adjourn, or present a serious conflict of jurisdiction between the court trying the main cause and the court seeking to enforce the attendance of witnesses for the taking of depositions. The orderly procedure of the trial should be left to the sound legal discretion of the court trying the cause, and if such discretion be abused it can be reviewed on appeal.

The alternative writ heretofore issued is now vacated.

Achor, C. J., Arterburn and Bobbitt, JJ., concur.

LANDIS, J. concurs in the result with separate opinion.

---

3. "In all actions, depositions may be taken by either party, in vacation or term time, at any time after service of summons, without order of court therefor. They may be used in the trial of all issues, in any action, in the following cases:

"First. Where the witness does not reside in the county, or in a county adjoining the one, in which the *trial is to be held,* or is absent from the state.
" . . .

"Fourth. When the deponent is a state or county officer, or a judge, or a practicing physician, or attorney-at-law, and the *trial is to be had* in any county in which the deponent does not reside. In either of the foregoing cases, the attendance of the witness can not be enforced.

"Fifth. When notice is given fixing the time of taking any deposition on a day in term time, the court may, if in session, or the judge thereof in vacation, on notice given by the adverse party of the time and place of hearing the motion, fix another day for such taking, and the court, on the hearing of such motion, may fix the time for such taking, from which there shall be no appeal." [Italics added.] Section 2-1506, Burns' 1946 Replacement [Acts 1881 (Spec. Sess.), ch. 38, §292, p. 240].

LANDIS, J. (Concurring Opinion)—I am unable to agree with that portion of the opinion which indicates that a party may not without an order of court take a deposition after the trial has commenced. The statute in unambiguous language states:

> "In all actions, *depositions may be taken* by either party, in vacation or term time, *at any time* after service of summons, *without order of court* therefor."[1] (Emphasis supplied.)

Moreover, this court held in *Wehrs* v. *The State* (1892), 132 Ind. 157, 162, 31 N. E. 779, 781, "... whether a cause for taking depositions exists is for the party who seeks to take them just as he determines the necessity for subpoenaing witnesses. . . ." See also: *Kark* v. *Central Greyhound Lines* (1949), 119 Ind. App. 303, 85 N. E. 2d 277, to the same effect. Depositions may also be taken after trial when a cause is pending on appeal. *Long, Executor* v. *Straus et al.* (1890), 124 Ind. 84, 24 N. E. 664.

However, I do not believe attendance at the taking of a deposition can properly be enforced in a separate court under Burns' §2-1509, 1946 Repl., [Acts 1881 (Spec. Sess.), ch. 38, §295, p. 240], when such enforcement would conflict with the orderly procedure of the trial of the main action which was then in progress.[2] This statute was intended to facilitate the introduction of evidence and expedite the trial of causes, and it should not be construed in such a manner as to

---

1. Burns' Indiana Statutes §2-1506, 1946 Repl. [Acts 1881 (Spec. Sess.), ch. 38, §292, p. 240]

2. See:
*Marchant* v. *Olson* (1915), 184 Ind. 17, 19, 110 N. E. 200, 201, to the following effect:

"When a court acquires jurisdiction of the subject-matter of a cause its power continues to final disposition, to the exclusion of authority to interfere by a court of coordinate jurisdiction. Such rule avoids confusion and needless expense. *Boos* v. *State* (1911),

be disruptive of the trial of the main action by an independent proceeding in a separate court.[3] Respondent court accordingly very properly did not see fit here to exercise the jurisdiction it was given by statute to enforce the attendance of witnesses at the deposition. Matters touching the orderly conduct of the trial are, of course, within the sound discretion of the court trying the cause whose action is reviewable on appeal.

I therefore concur in the result of the opinion that the alternative writ of mandamus requiring respondent court to order witnesses to testify at the deposition be vacated.

NOTE.—Reported in 140 N. E. 2d 217.

---

175 Ind. 389, 391, 94 N. E. 410 [sic, 401]; *Gregory* v. *Perdue* (1867), 29 Ind. 66, 69; 7 R. C. L. [Courts] 1066 [sic, 1067], §105." 14 Am. Jur., Courts, §243, p. 435, 21 C. J. S., Courts, §492, p. 745.

3. See:

*Scott et al.* v. *Runner, Assignee, Etc.* (1896), 146 Ind. 12, 15, 44 N. E. 755, as follows:

"An eminent author says: 'The rule is that one court of concurrent jurisdiction has no power to interfere with the judgments or decrees of other courts of the same jurisdiction. . . . And the rule extends to the processes of the court, whether mesne or final.' Works on Courts and Jurisdiction, section 17, p. 69. . . . It is easy to see the great confusion and endless trouble and litigation which might ensue from the *exercise of* such a *jurisdiction.*" (Emphasis supplied.)