## FUNK, TREASURER, *v.* STATE, EX REL. BAKER.

[No. 20,768.  Filed May 10, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—*Waiver.*—Alleged errors not discussed in appellant's brief are waived.  p. 456.

2. MANDAMUS. — *Counties.* — *Treasurers.*—*Warrants.*—*Taxation.*—*Set-Off and Counterclaim.*—Mandamus does not lie. to compel a county treasurer to pay a county warrant for $50 to the assignee thereof from whom there is due to such county in delinquent taxes the sum of $39.62, such taxes constituting a set-off for the amount thereof, and not being exempt under §6525 Burns 1901, Acts 1897, p. 171.  p. 456.

3. SAME.—*Nature of.*—*Discretion.*—Mandamus is an extraordinary writ issued only in the exercise of a sound legal discretion.  p. 457.

From Allen Circuit Court; *James C. Branyan,* Special Judge.

Action by the State of Indiana, on the relation of Cain Baker, against Jacob Funk, as county treasurer of Allen county.  From a judgment for plaintiff, defendant appeals.  (For opinion on transfer from Appellate Court, see 37 Ind. App. 231.)  *Reversed.*

*W. & E. Leonard, R. B. Dreibelbiss* and *E. V. Harris,* for appellant.

*John H. Aiken* and *Frank J. Belot,* for appellee.

MONTGOMERY, J.—The court below issued an alternative writ of mandamus requiring appellant, as treasurer of Allen county, to show cause why he should not pay a warrant for $50, issued upon the order of the county surveyor to D. C. Cope or bearer, on account of the "Litzenberger ditch," and assigned to the relator.  Appellant filed his return or answer in four paragraphs.  The first was a general denial; the second admitted the allegations of the writ, and averred that at the time payment of the warrant was demanded the relator was owing taxes for state, county, township and city purposes, due and delinquent for the

years 1892 to 1903, inclusive, to the amount of $39.62, as shown by a bill of particulars, and that appellant, as such treasurer, claimed the right to deduct the amount of such taxes, and that full payment was refused accordingly, and that as such treasurer he levied upon said amount for the collection of said taxes, and brought into court and tendered to the relator the balance of $10.38. The third paragraph is substantially like the second, but avers more specifically a tender of $10.38 at the time full payment of the warrant was demanded by the relator. The fourth paragraph is in substance like the second and third; but in addition appellant brings into court and tenders a receipt for $39.62 in payment of the relator's said taxes. The first paragraph of answer was withdrawn, and a demurrer for want of facts was sustained to the affirmative paragraphs of answer. Appellant declining to plead over, judgment was rendered for the issuance of a peremptory writ for the payment of said warrant and for costs.

The errors assigned are, overruling appellant's demurrer to the alternative writ of mandamus as amended, and sustaining demurrers to each paragraph of answer.

Appellant's counsel have failed to point out any alleged defect in the writ, or to cite any authority or advance any argument in their brief, in support of the first error

1. assigned, and the same must be regarded as waived. *Storer* v. *Markley* (1905), 164 Ind. 535; *Williams* v. *Citizens Enterprise Co.* (1899), 153 Ind. 496; Ewbank's Manual, §188.

The pleadings are not models, and in the affirmative answers it is alleged only in general terms that appellant as treasurer levied upon the amount of money nec-

2. essary to satisfy the delinquent taxes. It may be conceded that sufficient facts are not pleaded to show such a vesting of title in the relator to the money represented by the warrant as to authorize a levy thereon, or to show that a legal levy was made by appellant, but it

does not follow that the answers are insufficient. It is averred that the relator is indebted for taxes duly assessed to the amount of $39.62, and under the law these taxes constitute an obligation for which he is liable, and for the payment of which all his property is bound, without any exemption, except as provided in §6525 Burns 1901, Acts 1897, p. 171. The prompt collection of public revenues is demanded by the highest considerations of public policy. Appellant, as treasurer, was clothed with authority and charged with the duty of collecting this tax, and in his official capacity was called upon to pay from funds properly under his control the amount demanded by relator, and we find no reason, either upon principle or authority, that would forbid him from setting off and retaining, even in the absence of a provision in the warrant so to do, the amount necessary for the payment of such taxes, from the sum that otherwise would have been payable to relator.

The proceeding by mandamus was originated at a time when in theory the king presided in person over the court of king's bench. It was a prerogative writ, issuing in 3. the king's name from that court, and the proceeding did not partake of the nature of a suit between parties. The character of the proceeding and the nature of the writ has been materially changed in this country, but here the writ of mandamus is still an extraordinary one, and, while not discretionary, it will be issued only by a court in the exercise of a sound legal discretion. "It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands." *People, ex rel., v. Board, etc.* (1893), 137 N. Y. 201, 204, 33 N. E. 145.

And see *Western Union Tel. Co.* v. *State, ex rel.* (1905), 165 Ind. 492.

It appears from the answers that for more than ten years the relator has not paid any poll, property or dog tax, or contributed anything toward the support of the government upon which he relies for security in person and property and for the enforcement of his individual rights.   He stands upon the record in the attitude of asking extraordinary and special aid of a court, which confessedly he refuses to maintain by paying his just share of the expense necessarily incident to the performance of its functions. The facts disclosed in each paragraph of answer are sufficient to bar the relator from the writ he asks, and the demurrers thereto should have been overruled.

The judgment is reversed, with directions to overrule the demurrers to each paragraph of answer, and for further proceedings in harmony with this opinion.