STATE EX REL. LEE *v*. WILSON, JUDGE

[No. 28,409. Filed February 16, 1948.]

*James Lee, pro se.*

*.S. Morris Wilson, pro se.*

YOUNG, J.—Relator has filed as an original action in this court a purported petition to mandate the respondent judge to provide relator competent counsel and a bill of exceptions and transcript for use upon appeal to this court from a judgment sentencing relator to the Indiana State Prison. This case fits neatly into the pattern of *State ex rel. Crawford* v. *Owen, Judge* (1948), *supra, ante,* p. 601, 77 N. E. (2d) 123, and for the reasons a writ of mandate was denied in that case a writ should be denied in this.

It is not clear from relator's petition what, if anything, he has filed in the Crawford Circuit Court, although it does appear that he has petitioned that court in some manner.

Rule 2-35 of this court, requires that if the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto. Without such copies a petition is not sufficient. *State ex rel. Talkington* v. *Hoffman, Judge* (1947), *ante,* p. 475, 76 N. E. (2d) 252; *State ex rel. Crawford* v. *Owen, Judge, supra.* Relator has failed to comply with this rule. If he had done so we would know definitely what situation he seeks to have adjusted.

It appears from his petition for mandate filed with us that he entered a plea of guilty on January 23, 1944,

and was sentenced and delivered to the Indiana State Prison. The nature of his offense does not appear. His regular time for appeal has long expired. We are not asked and the respondent has not been asked, so far as it appears from the record before us, to permit relator to perfect an appeal after the regular period under the rules has expired. Relator's time for appeal having expired and permission to perfect an appeal after the regular time for taking same has elapsed, not having been asked or granted, it does not appear that counsel to prosecute an appeal and a bill of exceptions and transcript would be of any advantage to relator, and, therefore, respondent will not be mandated to provide same.

This does not mean that relator is without remedy if his constitutional rights have been invaded. The State of Indiana has provided a Public Defender, § 13-1402, Burns' 1942 Replacement, whose duty it is to represent pauper inmates of the State prison who are unlawfully or illegally imprisoned therein. If relator has a meritorious matter for the consideration of this court, or for the consideration of the Crawford Circuit Court, same will be taken care of in his behalf by the Public Defender who, if the occasion requires, can prepare and file for him such proceedings in this court or in the Crawford Circuit Court as may be justified by the facts and obtain for him bill of exceptions and transcript if the proceedings instituted require same.

Relator's petition is denied without prejudice.

NOTE—Reported in 77 N. E. (2d) 354.