STATE EX REL. ORNDOFF *v.* ROGERS, JUDGE.

[No. 28,419. Filed June 18, 1948.]

Wayne Orndoff, *pro se.*

Grant Rogers, *pro se.*

YOUNG, C. J.—Relator has filed his petition in this court wherein he alleges that he was charged with auto banditry in the Brown Circuit Court and, in the course of prosecution, was arraigned, entered a plea of not guilty, represented himself to be a pauper and that an attorney was appointed to defend him by the court. He shows he was tried by jury and convicted November 24, 1947. He further alleges that thereafter he filed with the Brown Circuit Court his verified petition in which he represented that he was a pauper and asked the court to assign counsel to aid and assist him in the prosecution of an appeal and to furnish him transcript to be used upon appeal. He has failed to incorporate in or attach to his petition a certified copy of this petition. This is required by Rule 2-35 of this court. Without such copy the petition before us is not sufficient. *State ex rel. Talkington* v. *Hoffman* (1947), 225 Ind. 475, 76 N. E. 2d 252; *State ex rel Lee* v. *Wilson* (1948), 225 Ind. 640, 77 N. E. 2d 354.

The case before us illustrates the importance of compliance with this rule because in his response filed herein by Judge Rogers he alleges that no petition for counsel and transcript upon appeal has been filed and this response is accompanied by the affidavit of the Clerk of the Brown Circuit Court to the same effect. We, therefore, have a situation where petitioner is alleging that the petition, action upon which is sought to be mandated, has been filed and the judge, supported by the affidavit of his Clerk, alleges the contrary. If the relator had attempted to comply with the rules of our court he would have discovered the true situation and possibly could have remedied it.

Mandate denied.

NOTE.—Reported in 79 N. E. 2d 905.