STATE EX REL. ROGERS *v.* YOUNGBLOOD, JUDGE.

[No. 28,504.   Filed January 5, 1949.]

*Kenneth Rogers,* of Michigan City, attorney for relator.

*Nat H. Youngblood,* of Evansville, pro se.

STARR, C. J.—The relator is now an inmate of the Indiana State Prison. On April 7, 1948, he filed in the Vanderburgh Circuit Court his petition *pro se* for a writ of coram nobis seeking a new trial of the cause wherein he was sentenced for the term which he is now serving.

Relator's petition herein is filed *pro se.* In this petition he asks us to compel respondent to order his re-

turn from the prison to Vanderburgh County for the purpose of attending and conducting in person the hearing on his coram nobis proceedings, in which proceedings he has refused to accept the services of the public defender.

The relator is not entitled to the relief demanded. He may be present at the hearing only upon order made in the sound discretion of the judge. *State ex rel. Vonderschmidt* v. *Gerdink* (1946), 224 Ind. 42, 64 N. E. 2d 579.

Where the services of the public defender are refused as here, we approve what was said by this court speaking through Judge Richman in *State ex rel Fulton* v. *Schannen* (1946), 224 Ind. 55, 64 N. E. 2d 798, which reads as follows:

"In making such a choice the convict must accept the handicaps in presentation of his claim that result from his incarceration. This court does not intend to open the prison doors to enable him, or any other indigent convict, to conduct in person coram nobis proceedings on claims which he is not willing to submit to a skilled attorney paid by the State whose sole duty is to represent him '. . . in any matter in which such person may assert he is unlawfully or illegally imprisoned . . .' Laws 1945 ch. 38, § 2; § 13-1402, Burns' 1942 Replacement, Supp. With such representation the convict gains, not only the benefit of competent counsel, but also, at state expense, when the Public Defender deems advisable, transcripts necessary for appeal. Without such representation he limits his evidence in the hearing to such affidavits as he may obtain from his place of imprisonment and he may be present at the hearing only upon order made in the sound discretion of the judge."

The petition of relator is hereby denied.

NOTE.—Reported in 83 N. E. 2d 188.