## WHITE v. MARION CRIMINAL COURT, DIV. ONE

[No. 28,541. Filed March 25, 1949.]

*Thomas D. White, pro se.*

*Floyd R. Mannon, pro se.*

PER CURIAM.—The petitioner was convicted of second degree burglary, which judgment was affirmed by this court on June 10, 1948. *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771. In that appeal we examined the evidence and found that the verdict was sustained by sufficient evidence and not contrary to law.

The petition in this original action has been designated as one for a writ of mandamus. Apparently it was drafted without aid of counsel, and in many respects it is unintelligible. The petition is not brought in the name of the State of Indiana on his relation, which is a mandatory requirement for mandamus. *State ex rel. Rogers* v. *Youngblood* (1948), 226 Ind. 645, 78 N. E. 2d 663. It fails to allege that he has any action or proceedings commenced in the trial court for a writ of error coram nobis, since there is no averment that any notice was ever served upon the Attorney General. Section 49-1937, Burns' 1933 (1947 Supp.). *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785. No breach of any duty by the trial court

has been alleged. No cause has been shown for the issuance of a writ.

Petition denied.

NOTE.—Reported in 84 N. E. 2d 588.