STATE EX REL. SPIRES *v.* BOTTORFF, JUDGE

[No. 28,542.  Filed March 31, 1949.  Motion to Amend Petition denied April 26, 1949.]

*Marvin Spires, pro se.*

*James L. Bottorff,* Judge, Clark Circuit Court, of Jeffersonville, for respondent.

YOUNG, J.—The proceeding before us was begun by a letter addressed to this court by relator, who is confined in the Indiana State Prison. It seems that he has proceeded without aid of counsel. We have treated the letter as a petition and the proceeding as an original action to mandate the respondent court to hear his petition for writ of error coram nobis alleged to have been filed by petitioner in the Clark Circuit Court, and have ordered it docketed as appears in the title to this opinion.

A copy of the petition for writ of error coram nobis filed in respondent court, and alleged to have been ignored by it, is attached to the letter which petitioner has filed here and from this copy we observe that petitioner claims to have been charged by an affidavit with stealing money from a financial institution at Jeffersonville, Indiana, and in connection therewith to have been an habitual criminal. Relator says he was sentenced on a plea of guilty but that "the court cannot produce any true record that the defendant entered at any time any plea other than that of not guilty in regards to the robbery charge in said affidavit." He has failed to attach to his petition here a certified copy, or any copy, of the record in the court below showing his plea or the judgment under which he is confined. Under Rule 2-35, he is required, if the relief sought relates to a proceeding in an inferior court, to file certified copies of all pleadings, orders and entries pertaining to the subject matter. This he has not done and we cannot therefore determine the merits of his claim that his plea of guilty was limited to that portion of the affidavit which charged him with being an

habitual criminal. A petition for mandate of a lower court which fails to include certified copies of the material entries is insufficient. *State ex rel. Lee* v. *Wilson, Judge* (1948), 225 Ind. 640, 77 N. E. 2d 354; *State ex rel. Talkington* v. *Hoffman, Judge* (1947), 225 Ind. 475, 76 N. E. 2d 252; *State ex rel. Crawford* v. *Owen, Judge* (1948), 225 Ind. 601, 77 N. E. 2d 123; *State ex rel. Rogers* v. *Youngblood, Judge* (1948), 226 Ind. 645, 78 N. E. 2d 663, 664; *State ex rel. Minton* v. *Parke Circuit Court* (1948), 226 Ind. 55, 77 N. E. 2d 749, 750.

Petitioner has also failed to make any showing that he served upon the attorney general a copy of his petition for a writ of error coram nobis filed in the respondent court. This is required by § 49-1937, Burns' 1933 (1947 Supp.), Acts of 1947, ch. 196, § 1. By the express terms of this statute, no action is commenced until this is done. *State ex rel. Minton* v. *Parke Circuit Court, supra; State ex rel. Wadsworth* v. *Mead* (1947), 225 Ind. 123, 73 N. E. 2d 53; *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785, 787. We should not mandate the court to act in a matter which, under the statute, has not been commenced.

Petition denied.

NOTE.—Reported in 84 N. E. 2d 882.