STATE EX REL. SANDERS *v.* REEVES, JUDGE

[No. 28,671.   Filed May 5, 1950.]

*Wilbur Sanders, pro se,* for relator.

PER CURIAM.—This is an original action for an alternative writ of mandamus to compel the respondent to accept jurisdiction, hear and determine petitioner's petition for writ of error coram nobis, or show cause why the same should not be done.

The petitioner, who is a prisoner in the Indiana State Prison, alleges his petition was prepared without the aid of counsel, which fact is all too apparent from a brief examination thereof. We have often noticed the failure of pauper prisoners to avail themselves of the advice and skilled services of the Public Defender, both in the trial courts and here. If prisoners would stop trying to initiate and prosecute proceedings for a review of their judgments, without the advice and help of the Public Defender, he would have more time to devote to those who may have some merit to their claims, and the trial courts as well as this court would avoid the loss of time involved in considering such cases. The office of Public Defender was created for the benefit of those wrongfully imprisoned, as well as to aid the courts in administering justice, but when a prisoner elects to

represent himself, there is no reason for this court to indulge any benevolent presumption in his behalf, or waive any rule for the orderly and proper conduct of litigation and appeals.

Petitioner alleges he filed his petition for a writ of error coram nobis in the Vanderburgh Circuit Court, and that such court, on January 28, 1950, denied the same "for lack of jurisdiction." We are not in a position to decide whether this ruling was correct, for we cannot consider the allegation as true, since there are no "certified copies of all pleadings, orders and entries pertaining to the subject matter" included in or attached as exhibits to the petition, as required by Rule 2-35 of this court. For this defect, the petition here is insufficient. *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785. Nor does his petition here allege that the Attorney General was ever served with notice of the petition in the trial court as required by § 49-1937, Burns' 1933 (1949 Supp.). Until such notice is served the petitioner has no action commenced in the trial court. *White* v. *Marion Criminal Court, Div. 1* (1949), 227 Ind. 167, 84 N. E. 2d 588.

The petition is denied.

NOTE.—Reported in 91 N. E. 2d 912.