STATE EX REL. PARLOW *v.* BAKER, JUDGE

[No. O-102. Filed June 29, 1950.]

Jasper, J., not participating.

*Arthur J. Parlow, pro se,* for relator.

PER CURIAM.—The verified petition for alternative writ of mandate alleges relator, on May 5, 1950, filed his verified petition for a writ of habeas corpus in the LaPorte Superior Court, and that said court has refused to act upon his petition and set a date for hearing thereon. The petition here has attached as an exhibit an uncertified copy of his petition for a writ of habeas corpus.

The issuance of the alternative writ from this court must be denied for two reasons: (1) The petition fails to set out, or have as exhibits thereto, "certified copies of all pleadings, orders and entries pertaining to the subject matter" as appear of record in the trial court. (2) The petition does not allege that the Attorney General was ever served with notice of the petition in the trial court as required by § 49-1937, Burns' 1933 (1949 Supp.), and until such notice is served upon the Attorney General he has no cause of action commenced in the trial court. *State ex rel.*

*Sanders* v. *Reeves, Judge* (1950), 228 Ind. 293, 91 N. E. 2d 912.

There is no reason why prisoners, asserting they are unlawfully imprisoned, should not avail themselves of the services of the Public Defender, and so avoid needlessly consuming the time of this court with matters which are premature, without merit, or fatally defective from the standpoint of procedure.

The petition is denied.

Jasper, J. not participating.

NOTE.—Reported in 93 N. E. 2d 199.