STATE EX REL. BRAMLETT *v.* LAPORTE
SUPERIOR COURT ET AL.

[No. O-106. Filed December 20, 1950.]

*W. L. Bramlett, pro se.*

PER CURIAM.—The relator is a prisoner in the Indiana State Prison, and acting as his own counsel, has filed in this court a verified petition for alternative writ of mandamus to compel the LaPorte Superior Court to issue a writ of habeas corpus.

This is an original action and the relief sought relates to proceedings in an inferior court. Rule 2-35 requires in such cases, "certified copies of all ▮▮ pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto." We have repeatedly held that a failure to comply with this rule of the court makes the petition insufficient. *State ex rel. Spires* v. *Bottorff, Judge* (1949), 227 Ind. 229, 84 N. E. 2d 882; *State ex rel. Sanders* v. *Reeves, Judge* (1950), 228 Ind. 293, 91 N. E. 2d 912; *State ex rel. Parlow* v. *Baker, Judge* (1950), 228 Ind. 495, 93 N. E. 2d 199. Nor does the petition here allege that the Attorney General of Indiana was ever served with notice of the proceedings in the trial court as required by § 49-1937, Burns' 1933

(1949 Supp.). The petition fails to show that the relator has any proceeding pending in the trial court. *White* v. *Marion Criminal Court* (1949), 227 Ind. 167, 84 N. E. 2d 588.

The issuance of the alternative writ is denied.

NOTE.—Reported in 95 N. E. 2d 631.