WARMOUTH *v.* OWEN, JUDGE.

JONES *v.* MURRAY, JUDGE.

WEBSTER *v.* PRESIDING JUDGE OF OHIO COUNTY CIRCUIT COURT.

KELLY *v.* ADAMSON, SPECIAL JUDGE.

STATE EX REL. DELONG *v.* EBY, JUDGE.

[Nos. O-162, O-167, O-172, O-176, O-181. Filed April 5, 1951.]

*Albert Warmouth, Joseph Jones, Delver Webster, Garfield J. Kelly and Floyd DeLong, pro sese.*

PER CURIAM.—The defects in these petitions are common to each with the exception of Cause No. O-172. In each of these original actions the relief sought relates to a proceeding in an inferior court, and each petitioner has failed to set out in his petition or make exhibits thereto "certified copies of all pleadings, orders and entries pertaining to the subject matter," as required by Rule 2-35. Therefore, each petition is insufficient. *State ex rel. Spires v. Bottorff, Judge* (1949), 227 Ind. 229, 84 N. E. 2d 882; *State ex rel. Sanders v. Reeves, Judge* (1950), 228 Ind. 293, 91 N. E. 2d 912; *State ex rel. Parlow v. Baker, Judge* (1950), 228 Ind. 495, 93 N. E. 2d 199.

Cause No. O-172 does allege substantial compliance with § 49-1937, Burns' 1951 Replacement, but all other petitions fail to allege that the Attorney General of Indiana was ever served with notice of the proceedings in the trial court. Until this is done pursuant to said statute there is no proceeding commenced in the trial court. *White v. Marion Criminal Court* (1949), 227 Ind. 167, 84 N. E. 2d 588; *State ex rel. Bramlett v. LaPorte Superior Court* (1950), 229 Ind. 77, 95 N. E. 2d 631.

There are other defects in several of the other petitions which are not necessary to discuss. The issuance of the alternative writ is denied in each action.

NOTE.—Reported in 97 N. E. 2d 866.