STATE EX REL. COWDEN *v*. EAST, JUDGE.

[No. 28,771. Filed April 13, 1951.]

*Ova Cowden, pro se.*

GILKISON, J.—Relator has filed his petition to mandate respondent to show cause why he should not immediately grant relator a hearing on his verified motion to vacate judgment and direct motion for an acquittal, ancillary to Cause No. 7451.

Relator's verified petition shows that he was convicted in the Monroe Circuit Court of child-neglect on April 25, 1945, and sentenced to the Indiana State Prison for an indeterminate term of not less than one nor more than seven years.

That relator filed a verified motion to vacate judgment and direct motion for an acquittal ancillary to Cause No. 7451 on the day——of——1950.

That a general demurrer to the petition was filed by the Attorney General.

Relator has since learned from the newspapers that his motion to vacate judgment was denied. He complains that he was not given sufficient time "to answer said demurrer," and that he was denied a personal appearance and was not "allowed to support his motion orally and new witnesses."

He prays that an alternative writ of mandate issue to respondent commanding him to show cause why he should not grant a hearing on the motion with personal hearing of relator.

The relief sought relates to proceedings in a circuit court. Rule 2-35 requires that in such cases certified copies of all pleadings, orders and entries pertaining to the subject-matter should be set out in the petition or made exhibits thereto. Respondent has ignored this rule. No certified copies whatever are set out in or made exhibits to the petition. *State ex rel. Williams* v. *Superior Court of St. Joseph County* (1950), 228 Ind. 157, 94 N. E. 2d 591; *State ex rel. Talkington* v. *Hoffmann, Judge* (1947), 225 Ind. 475, 476, 76 N. E. 2d 252; *State ex rel. Crawford* v. *Owen* (1948), 225 Ind. 601, 602, 77 N. E. 2d 123; *State ex rel. Lee* v. *Wilson, Judge* (1948), 225 Ind. 640, 641, 77 N. E. 2d 354. Without such certified copies we cannot know what action was taken by respondent court in the matter complained of, nor can we know what relator filed in respondent's court. From the averments of his petition in this court, it appears to be a petition for writ of error coram nobis. See *Beard* v. *State* (1949), 227 Ind. 717, 719, 88 N. E. 2d 769. It is averred that the Attorney General filed a demurrer to the petition. We are without information whether the demurrer has been ruled upon. Under the rule noted it is a duty of petitioner to provide this information with this petition.

The petition does not state facts sufficient to authorize the issuance of an alternative writ of mandate to respondent. The petition is therefore denied.

The clerk of this court is ordered to prepare a certified copy of this opinion and mail it to the petitioner at his address, Michigan City, Indiana, Box 41.

NOTE.—Reported in 98 N. E. 2d 188.