FELTS *v.* HEDDEN, JUDGE, ET AL.

[No. 28,797. Filed May 16, 1951.]

*Fred F. Felts, pro se.*

PER CURIAM.—The petitioner in his own name, without joining the State of Indiana and making himself relator, files his verified original action in this court asking to mandate respondents to allow petitioner to file in the Floyd Circuit Court his petition to vacate and set aside a judgment and sentence (presumably rendered against petitioner), and to hear and determine the petition.

The petition filed in this court is in duplicate. Rule 2-35 of this court requires such petitions to be filed in triplicate. *State ex rel. Hunter* v. *Murray et al.* (1950), 228 Ind. 93, 89 N. E. 2d 539, 540. Rule 2-35 further provides:

> "If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto."

No such certified copies are set out in or made exhibits to the petition. *State ex rel. Hunter* v. *Murray et al., supra; State ex rel. Talkington* v. *Hoffmann, Judge*

(1947), 225 Ind. 475, 477, 76 N. E. 2d 252; *State ex rel. Parlow* v. *Baker* (1950), 228 Ind. 495, 93 N. E. 2d 199; *State ex rel. Zehrlaut* v. *Parke Circuit Court* (1950), 228 Ind. 494, 93 N. E. 2d 200; *State ex rel. Cowden* v. *East, Judge* (1951), 229 Ind. 285, 98 N. E. 2d 188, 189.

The statute authorizing a mandamus action brought originally in this court, § 3-2201, Burns' 1946 Replacement, provides that it shall be in the name of the State on relation of the party in interest.

This court has consistently held that under this statute an action for mandate should be brought in the name of the State on relation of the party in interest. *Hoosier Chemical Works* v. *Brown* (1929), 200 Ind. 535, 539, 165 N. E. 323; *State ex rel. Clifton et al.* v. *Schortemeier, Secy.* (1926), 197 Ind. 669, 673, 151 N. E. 613; *Board of Public Safety of the City of Muncie* v. *Walling et al.* (1933), 206 Ind. 540, 546, 187 N. E. 385; *Schuble* v. *Youngblood* (1947), 225 Ind. 169, 173, 73 N. E. 2d 478; *Pembleton* v. *McManaman* (1949), 227 Ind. 194, 196, 84 N. E. 2d 889; *Rogers* v. *Youngblood, Judge* (1948), 226 Ind. 165, 168, 78 N. E. 2d 663. The petitioner in his own name cannot legally file an original mandamus action in this court, the state being the proper plaintiff, the petitioner must be made a relator.

For the reasons given, the petition is denied.

NOTE.—Reported in 98 N. E. 2d 654.