STATE EX REL. KETCHUM *v.* MARSHALL, JUDGE.
LIPSKY *v.* MURRAY, JUDGE.

[Nos. O-264, O-283. Filed July 2, 1952.]

*Roscoe Ketchum* and *Bruno Lipsky, pro sese.*

EMMERT, J.—The petitions in each of these original actions are defective in many of the same respects, so it is possible to dispose of both matters by one opinion.

It has come to our attention that many members of the profession question why they find in the reports so many opinions of this court on matters presented by prisoners seeking some relief here concerning vari-

ous matters they allege are pending in the trial courts of this state, wherein they assert they are being unlawfully imprisoned. The examination and disposition of these matters has been quite burdensome to the court, due to the fact that many prisoners elect to proceed without the assistance of the Public Defender or other counsel, with the result that it is often difficult to determine the merits, if any, of their pleadings.

Under §5 of Article 7 of the Constitution, this court must "upon the decision of every case, give a statement in writing of each question arising in the record of such case, and the decision of the Court thereon." Under §4 of Article 7, this court has such "original jurisdiction as the General Assembly may confer." By §3-2201, Burns' 1946 Replacement, this court is given jurisdiction to issue writs of mandamus to compel "the performance of any duty enjoined by law upon such circuit, superior, criminal, probate, juvenile or municipal courts." In *State ex rel. Dowd* v. *Superior Ct. of LaPorte Co.* (1941), 219 Ind. 17, 19, 36 N. E. 2d 765, this court correctly held that, under the constitutional and statutory requirements, we were required to give "an opinion in writing in original actions as well as in appeals." Even if the law did not require such opinions, as a matter of judicial policy they should be filed, since quite often these prisoners seek relief in the federal courts, and our action should be of record with the reasons therefor, so that the federal courts are correctly advised as to the issues presented and our decisions thereon. See *Dixon* v. *Duffy* (May 12, 1952), — U. S. —, 72 S. Ct. 859, 96 L. Ed. Advance Opinions 679.

Neither petition here sets out therein, or has as exhibits thereto, certified copies of all pleadings, orders

or entries pertaining to the subject matter in the trial court as required by Rule 2-35 of this court. *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785. Nor does either petition allege that relator or petitioner gave notice to the Attorney General as required by §49-1937, Burns' 1951 Replacement. Petitioner has no action commenced in the trial court until this is done. *State ex rel. Wadsworth* v. *Mead* (1947), 225 Ind. 123, 73 N. E. 2d 53; *State ex rel. Minton* v. *Parke Cir. Ct.* (1948), 226 Ind. 55, 77 N. E. 2d 749.

Cause No. 0-283 is further defective in that the action is not prosecuted by the State on the relation of Lipsky. Section 3-2201, Burns' 1946 Replacement, requiring the action be prosecuted in the name of the State on the relation of the party in interest is mandatory. *Bd. of Public Safety* v. *Walling* (1933), 206 Ind. 540, 187 N. E. 385; *State ex rel. Anderson* v. *Brand, Trustee* (1938), 214 Ind. 347, 13 N. E. 2d 955, 110 A. L. R. 778; *Meek* v. *Baker* (1951), 229 Ind. 543, 99 N. E. 2d 426.

The petitions are each denied.

NOTE.—Reported in 106 N. E. 2d 796.