STATE OF INDIANA ON RELATIONS OF WOODS AS TREASURER OF GIBSON COUNTY, ET AL. *v.* KNOX CIRCUIT COURT, SEAL, JUDGE, ETC.

[No. 29,202. Filed October 7, 1954.]

*McDonald & McDonald* and *Robert J. Fair,* of Princeton, *Emison & Emison,* of Vincennes, and *Albert Ward,* of Indianapolis, for relators.

*Arterburn & Hart, Norman F. Arterburn,* of Vincennes, and *Sanford Trippet* and *Mark P. Lockwood,* both of Princeton, for respondents.

DRAPER, J.—Eldon C. Woods, as Treasurer of Gibson County, and twenty-two others, relators herein, filed this original action in this court against the respondent court and judge. They seek a permanent writ of mandate and prohibition. This court issued an alternative writ. The respondents' response and return has been filed, as has the relators' reply thereto.

Rule 2-35 of this court requires the relator in a proceeding of this kind to set out in his petition, or to exhibit therewith, certified copies of all pleadings, orders and entries pertaining to the subject-matter. This the relators have failed to do.

The rules of this court are binding alike upon all litigants and upon this court. If equal justice is to be

administered, the rule must be impartially enforced. We have consistently and repeatedly refused to issue writs of mandate or prohibition where there has been a failure to comply with this rule. *State ex rel. Minton* v. *Parke Cir. Ct.* (1948), 226 Ind. 55, 77 N. E. 2d 749; *State ex rel. Ketchum* v. *Marshall* (1952), 231 Ind. 70, 106 N. E. 2d 796; *State ex rel. Wall* v. *Cass Circuit Court* (1954), 233 Ind. 192, 117 N. E. 2d 126; *State ex rel. Dopkowski* v. *Murray* (1952), 230 Ind. 634, 106 N. E. 2d 100; *Spires* v. *Bottorff* (1952), 230 Ind. 230, 102 N. E. 2d 761; *Beaman* v. *State* (1951), 230 Ind. 84, 101 N. E. 2d 819; *State ex rel. Ballew* v. *Smith* (1952), 230 Ind. 422, 104 N. E. 2d 575; *Warmouth* v. *Owen* (1951), 229 Ind. 279, 97 N. E. 2d 866. There are many others.

In this matter the respondents have furnished certified copies of six paragraphs of counter-claim and amended paragraphs one to six inclusive of counter-claim, all of which are germane to the subject-matter, and none of which were furnished by the relators. It is suggested that by so doing the respondents have waived any defect that might have been occasioned by the relators' failure to comply with the rule.

What view we might take of that situation under circumstances other than those presented here we need not decide. In this case the respondents were obliged to complete the record for the purpose of bringing to the attention of this court omitted portions of the record upon which they relied.

The alternative writ is dissolved and a permanent writ is denied.

Flanagan, C. J., Bobbitt, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 121 N. E. 2d 880.