STATE ON RELATION OF BOARD OF COUNTY COMMIS-
SIONERS OF LAKE COUNTY *v.* JUVENILE COURT OF
LAKE COUNTY.

[No. 29,209.  Filed October 18, 1954.  Rehearing denied
November 16, 1954.]

*Skozen & Richards,* of Hammond, for relator.

*Albert Gavit, Gavit & Richardson,* and *Anthony A. Filipiack, pro se,* all of Gary, for respondent.

BOBBITT, J.—Relator seeks a writ of prohibition against the Lake County Juvenile Court; A. A. Filipiak, Judge of the Lake County Juvenile Court; and Goldie Burns, Special Judge of said Court, to prohibit them from taking any further action in a proceeding in which the regular judge of the Lake County Juvenile Court has ordered the relator, Board of County Commissioners of Lake County, Indiana, to furnish certain rooms designated in the order as quarters for such court in the city of Gary, in said county. We issued an alternative writ.

Relator states in its petition ". . . it is apparent

that there have been a considerable number of entries omitted, . . ." and it is readily apparent from the record that this is true.

The jurisdiction of Goldie Burns, as special judge, is challenged on the ground that he was not selected in the manner prescribed by Rule 1-12 of this court. In order to determine this question it is necessary to examine the record and entries pertaining to the selection of the special judge.

Rule 2-35 of this court provides, that if the relief sought by a petition for a writ of prohibition relates to a proceeding in an inferior court, as does the one here before us, certified copies of all "pleadings, orders and entries pertaining to the subject matter" must be set out in the petition or made exhibits thereto. There is no order or entry in the record before us which in any way shows how the special judge was selected. Therefore, an essential part of the record below is not set out in the petition or made an exhibit thereto.

This court has consistently refused to issue writs of mandate or prohibition when there has been a non-compliance with its Rule 2-35, and equal justice requires that such rule be invoked in this case. *State ex rel. Woods, Treas. et al.* v. *Knox Circuit Court* (1954), 233 Ind. 552, 121 N. E. 2d 880.

Wherefore, the alternative writ heretofore issued is dissolved, and a permanent writ is denied.

Flanagan, C. J., Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 80.