WHITE v. WASHINGTON COUNTY CIRCUIT COURT, STATE OF INDIANA.

[No. 0-425.  Filed March 13, 1956.]

*Frank White, Jr., pro se.*

PER CURIAM.—This is an original action in which petitioner has filed what he calls "Verified petition for Writ of Mandamus for purpose of aggrievance," and in which petitioner is asking this court to mandate a lower court to grant him a hearing in a *coram nobis* proceeding.

The relief sought in this action relates to proceedings in an inferior court. Rule 2-35 of this court requires in such cases "Certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto." Petitioner has not complied with this rule, and this court has invariably held that a failure to do so makes a petition insufficient. *State ex rel. Mejer* v. *Davie* (1955),

234 Ind. 651, 129 N. E. 2d 799; *State ex rel. Bramlett* v. *LaPorte, Sup. Ct.* (1950), 229 Ind. 77, 95 N. E. 2d 631; *State ex rel. Spires* v. *Bottorff* (1949), 227 Ind. 229, 84 N. E. 2d 882; *State ex rel. Sanders* v. *Reeves* (1950), 228 Ind. 293, 91 N. E. 2d 912; *State ex rel. Parlow* v. *Baker* (1950), 228 Ind. 495, 93 N. E. 2d 199.

The petition for writ of mandamus is further defective as the action is not brought in the name of the State of Indiana on relation of the party in interest. The action cannot be brought by a person in his individual or personal capacity, and the petition is therefore fatally defective, and the writ must be denied. *Hayes* v. *The Scott County Court* (1955), 234 Ind. 707, 128 N. E. 2d 872; *Meek* v. *Baker* (1951), 229 Ind. 543, 99 N. E. 2d 426; *Casey* v. *Murray* (1951), 229 Ind. 545, 99 N. E. 2d 426.

The issuance of the writ of mandamus is denied.

NOTE.—Reported in 132 N. E. 2d 702.