JACKSON v. STATE OF INDIANA, REEVES, JUDGE.

[No. 0-430.   Filed May 23, 1956.]

*George E. Jackson, pro se.*

PER CURIAM.—This is an original action in which petitioner has filed verified motion for writ of mandamus (in *forma pauperis*), seeking to mandate respondent to issue a writ of error *coram nobis.*

The motion for writ of mandamus is fatally defective as the action is not brought in the name of the State of Indiana on relation of the party in interest.

The law is well settled that a mandamus action can not. be brought by a person in his individual or personal capacity, and as this action is not brought in the proper manner and the petition is fatally defective, the motion for writ of mandamus is denied. *White* v. *Washington County Circuit Court* (1956), 235 Ind. 700, 132 N. E. 2d 702; *Hayes* v. *The Scott County Court* (1955), 234 Ind. 707, 128 N. E. 2d 872; *Meek* v. *Baker* (1951), 229 Ind. 543, 99 N. E. 2d 426; *Casey* v. *Murray* (1951), 229 Ind. 545, 99 N. E. 2d 426.

The motion for writ of mandamus is denied.

NOTE.—Reported in 134 N. E. 2d 551.

STATE EX REL. RAWLINGS v. RABB, JUDGE OF MARION CRIMINAL COURT, DIVISION 2.

[No. 0-446.   Filed May 23, 1956.]

*Trivis Rawlings, pro se.*

PER CURIAM.—Petitioner prays we issue an alternative writ of mandamus. The petition is fatally defective for failure to comply with Rule 2-35 as to certified copies of records of the trial court.

Petition denied.

NOTE.—Reported in 134 N. E. 2d 551.