McGILL v. RABB, JUDGE OF MARION COUNTY CRIMINAL COURT.

[No. 0-524. Filed July 10, 1958.]

· James McGill, pro se.

PER CURIAM.—Petitioner, James McGill, filed his petition herein for a writ of mandate to compel the respondent to set down for hearing, and to hear a petition for a writ of error coram nobis, which petitioner alleges he filed in the Marion County Criminal Court, Division Two, on or about March 24, 1958.

The petition is fatally defective for each of the following reasons:

1. The petitioner does not bring his action in the name of the State of Indiana on the relation of the petitioner. Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1946 Repl. (Cum. Supp.); *State ex rel. Ketchum* v. *Marshall* (1952), 231 Ind. 70, 106 N. E. 2d 796; *Daniels* v. *Allen Cir. Ct., Schannen, Judge* (1953), 232 Ind. 702, 111 N. E. 2d 656; *Millbrooks* v. *Pyle, Judge, etc.* (1954), 233 Ind. 697, 120 N. E. 2d 175.

2. This matter purports to be a petition for writ of mandate. Rule 2-35 of the Supreme Court provides that petitions for writs of mandate shall be verified and filed in quintuplicate and if the relief sought relates to a proceeding in an inferior court, as does the petition herein, certified copies of all pleadings, orders and entries pertaining to the subject matter must be set out in the petition, or submitted as exhibits thereto. Petitioner herein has not complied with this rule. *Rigg* v. *Thompson, Judge* (1953), 232 Ind. 702, 112 N. E. 2d 290; *State ex rel. Mejer* v. *Davie* (1955), 234 Ind. 651, 129 N. E. 2d 799.

For the foregoing reasons the petition for writ of mandate is denied.

NOTE.—Reported in 151 N. E. 2d 811.