STATE EX REL. AMERICAN FLETCHER NATIONAL
BANK & TRUST CO., ETC. ET AL. *v.* LAKE SUPERIOR
COURT, ROOM 5, STODOLA, JUDGE.

[No. 30,025. Filed May 23, 1961. Rehearing denied June 30, 1961. Motion to vacate order denying rehearing denied September 29, 1961.]

*Paul B. Huebner,* of Hammond, *C. Severin Busch-mann* and *Donald A. Schabel,* both of Indianapolis, for relators.

*James J. Richards, Cordell C. Pinkerton, Owen W. Crumpacker, Harold Abrahamson,* all of Hammond and *James K. Northam,* of Indianapolis, for respondents.

ACHOR, J.—Relators herein seek a writ of mandate, commanding the respondents to set aside the order entered on July 25, 1960, striking the relators' supplemental complaint in Cause No. 57536, in the respondent court and to set aside the order entered on July 27, 1960, dismissing the cause on the ground of abandonment by the predecessors in interest to the relators herein.

The matter here in controversy has followed a long and devious course of litigation in the courts of this state. Therefore, an understanding of the issues here presented requires more than the usual statement of facts.

As stated in relator's petition, on October 23, 1944, Charles O. Roemmler, Fletcher Trust Company, as Trustee of the William Bartlett Estate, Carl A. Heubner and Clifford L. Etling, for and on behalf of themselves and all other persons, firms and corporations similarly situated, allegedly holding and owning improvement bonds and coupons issued by the City of Hammond, Indiana, filed an action against the City of Hammond in the Lake Superior Court, Room 5, which was docketed as Cause No. 57536. Thereafter, on February 28, 1947, an agreed judgment for the sum of $2,454.57 was entered in said action against the City of Hammond in favor of the class allegedly represented by the plaintiffs. Similar judgments were also entered in other cases in the aggregate sum of approximately $950,000.00.

Thereafter, on June 14, 1947, Jay E. Darlington, an attorney and taxpayer of the City of Hammond, commenced an action in the Lake Superior Court, Room 5, which was docketed as Cause No. 60850, to enjoin the City of Hammond from paying the judgment rendered in said Cause No. 57536 and other similar judgments on the ground of fraud in their procurement. The venue of the Darlington action was changed to the Porter Circuit Court. On September 7, 1948, the Porter Circuit Court filed special findings of fact and conclusions of law and rendered its decree thereon, declaring that the judgments entered by the Lake Superior Court, Room 5, including said Cause No. 57536, with which we are here concerned, were void because of fraud in their procurement and permanently enjoined the enforcement thereof.

The judgment of the Porter Circuit Court was appealed to the Appellate Court of Indiana which af-

firmed that portion of the decree which determined that the judgments were void, but reversed the decree of injunction as being too broad. The Appellate Court stated that under the circumstances of the case, the Porter Circuit Court, pursuant to its findings, should have returned the parties to the status quo by ordering all the judgments set aside which were determined to be void in order that they might be readjudicated on the basis of the merits of each particular case. *Gilkison et al.* v. *Darlington* (1952), 123 Ind. App. 28, 46, 106 N. E. 2d 473. [Transfer denied November 13, 1952.] See also: *City of Hammond* v. *Darlington* (1958), —Ind. App.—, 154 N. E. 2d 402; *City of Hammond* v. *Darlington* (1959), 241 Ind. 536, 162 N. E. 2d 619.

Upon remand of the cause by the Appellate Court [123 Ind. App. 28, *supra*], the Porter Circuit Court, on June 23, 1954, restated its conclusions of law and entered a judgment in accordance with the mandate of the Appellate Court. However, thereafter neither the plaintiffs in said Cause No. 57536, nor their successors (the relators herein) in interest or the respondent, Lake Superior Court, Room 5, took action with respect to this particular case, except as hereinafter set forth.

On March 9, 1960, the City of Hammond filed a motion in the Lake Superior Court, Room 5, to strike and dismiss said Cause No. 57536 because of abandonment by the parties-plaintiffs. The motion cites the fact that although said judgment was declared void and ordered set aside by the Appellate Court because of fraud in its procurement, no action or proceedings were had in said cause during the intervening period of six years by the purported plaintiffs or their attorneys of record or by anyone else.

The motion then asserted that because of this patent abandonment of the action by the parties-plaintiffs and all other members of the alleged class, the City of Hammond was entitled to a decree dismissing said cause of action and striking it from the docket and thereby formally and finally terminating the controversy which because of the nature of the action was of great and obvious public interest. Notice of the filing of said motion was served upon Carl A. Huebner, as representative of the class and as attorney of record, pursuant to Rule 1-16 of this court. The cause was set for hearing on March 25, 1960, on which date attorney Paul B. Huebner, son of Carl A. Huebner, appeared of record in the case but no action of record was taken with respect to the requested dismissal of the cause.

Thereafter, pursuant to a change of venue from the judge, the respondent, Joseph V. Stodola, Jr., was appointed special judge on April 18, 1960.

Thereafter these relators filed petitions to intervene and be substituted as parties to the cause. The cause was submitted on relators' petition to intervene and on answers and objections of the City of Hammond, and, on June 20, 1960, the respondent court entered an order denying the petitions of relators to intervene and be substituted as representative plaintiff parties in said class action. However, on that date, the court gave the relators ten days to file supplemental complaints as contemplated by Burns' Ann. St. §2-227 (1946 Repl.), with respect to any bonds in which said parties individually held as successors in interest.

Thereafter the relators, on June 23, 1960, filed their supplemental complaint in which they alleged, generally, that they were the present owners of the Bar-

rett Bonds of the City of Hammond, formerly owned by the Fletcher Trust Company, as Trustee of the William Bartlett estate, and by Charles O. Roemmler, deceased, which bonds were the basis of the former owners' complaint in this cause and "adopting the complaint of the former owners (in the nature of a class action) as their own."

On June 27, 1960, the City of Hammond filed its objections and a motion to strike the supplemental complaint. On July 7, 1960, the cause was submitted on the motion to strike the supplemental complaint and the City of Hammond's objections thereto. The court then entered an order holding that the relators were interlopers and struck their supplemental complaint from the record.

Thereafter, on July 27, 1960, the respondent court entered a finding, among other things, that a motion to dismiss and strike the cause of action, because of abandonment, had been filed in Cause No. 57536 on March 9, 1960, that notice had been served upon representatives of the class action, that no response to the motion had been filed asserting any meritorious ground or reason why the cause should not be dismissed because of the abandonment thereof by the plaintiffs and members of the alleged class. The court then, on the basis of the pleadings before it, entered an order dismissing the cause for want of prosecution and the same was accordingly stricken from the docket.

At the outset, we are confronted with two significant deficiencies in relators' petition. First, the petition is not accompanied by a certified copy of the original complaint in the Lake Superior Court upon which the primary action is based, as required by Rule 2-35 of this court. Instead, relators, in their

supplemental complaint, merely stated that they "adopt the complaint (of their predecessors in interest) as their own."

We have held that compliance with Rule 2-35 is jurisdictional. In *State ex rel. Woods, Treas.* v. *Knox C. C., Seal, J.* (1954), 233 Ind. 552, 553-554, 121 N. E. 2d 880, in dissolving an alternative writ of mandate and denying a permanent writ, this court held as follows:

> "Rule 2-35 of this court requires the relator in a proceeding of this kind to set out in his petition, or to exhibit therewith, certified copies of all pleadings, orders and entries pertaining to the subject-matter. This the relators have failed to do.

> "The rules of this court are binding alike upon all litigants and upon this court. If equal justice is to be administered, the rule must be impartially enforced. We have consistently and repeatedly refused to issue writs of mandate or prohibition where there has been a failure to comply with this rule. *State ex rel. Minton* v. *Parke Cir. Ct.* (1948), 226 Ind. 55, 77 N. E. 2d 749; *State ex rel. Ketchum* v. *Marshall* (1952), 231 Ind. 70, 106 N. E. 2d 796; *State ex rel. Wall* v. *Cass Circuit Court* (1954), 233 Ind. 192, 117 N. E. 2d 126; *State ex rel. Dopkowski* v. *Murray* (1952), 230 Ind. 634, 106 N. E. 2d 100; *Spires* v. *Bottorff* (1952), 230 Ind. 230, 102 N. E. 2d 761; *Beaman* v. *State* (1951), 230 Ind. 84, 101 N. E. 2d 819; *State ex rel. Ballew* v. *Smith* (1952), 230 Ind. 422, 104 N. E. 2d 575; *Warmouth* v. *Owen* (1951), 229 Ind. 279, 97 N. E. 2d 866. There are many others.

> "In this matter the respondents have furnished certified copies of six paragraphs of counter-claim and amended paragraphs one to six inclusive of counter-claim, all of which are germane to the subject-matter, and none of which were furnished by the relators. It is suggested that

by so doing the respondents have waived any defect that might have been occasioned by the relators' failure to comply with the rule.

"What view we might take of that situation under circumstances other than those presented here we need not decide. In this case the respondents were obliged to complete the record for the purpose of bringing to the attention of this court omitted portions of the record upon which they relied.

"The alternative writ is dissolved and a permanent writ is denied."

See also: *State ex rel. Mejer* v. *Davie* (1955), 234 Ind. 651, 129 N. E. 2d 799; *State ex rel. Wilkerson* v. *East, Judge* (1954), 233 Ind. 657, 122 N. E. 2d 733; *State ex rel. Crawford* v. *Owen* (1948), 225 Ind. 601, 77 N. E. 2d 123.

There is particular reason for requiring a certified copy of the complaint in the original action be filed in compliance with Rule 2-35. Relators' rights, if any, to ask for relief in mandamus is contingent upon a prima facie showing that their predecessors in interest had a meritorious cause of action. As heretofore stated, the judgment previously entered in this cause, together with many similar judgments, was ordered set aside after appeal because of fraud in its procurement. The fraud consisted, generally, in the fact that the judgments were taken by consent of the plaintiffs and defendant without any proof, although the named plaintiffs in the class actions were not bona fide holders of the bonds which they were alleged to own, or the bonds had been outlawed by the statute of limitations. In this proceedings it is asserted by respondents, *first,* that the bonds allegedly owned by the predecessors in interest to these relators were not introduced in evidence in the origi-

nal action in the trial court, and, *secondly,* that said bonds and coupons were, in fact, outlawed by the statute of limitations prior to the filing of the original action on October 23, 1944. Thus, in the absence of the original complaint in this case, relators' petition does not present a prima facie showing that relators are entitled to any relief in the primary cause of action and therefore that they are entitled to the immediate and extraordinary relief herein sought.[1]

However, a decision in this case need not be predicted solely upon the above cited defect in the record as it is presented to us. Relators' action is subject to a second significant weakness. Proceedings in mandate to this court is an extraordinary remedy, therefore although the action itself is legal in character, the relief sought may be denied and the parties required to present the question raised by ordinary appeal because of equitable principles. This court recognized this rule in the case of *State ex rel. Burton* v. *City of Princeton, et al.* (1956), 235 Ind. 467, 470, 134 N. E. 2d 692, wherein this court stated:

> "Although an action in mandamus is an extraordinary legal remedy, equitable principles may prevent such relief. 'The writ of mandamus is an extraordinary writ, and, while not discretionary, it will only be issued by

---

1. Relators have attempted to excuse their failure to file a certified copy of the original complaint in this case on the ground that such complaint is presently on file in the Porter Circuit Court in the proceedings related to this action. This excuse is not sufficient to justify relators' failure to comply with Rule 2-35 of this court. We judicially know that such records or certified copies thereof are available for the purpose of this proceedings, under the circumstances above stated. Therefore relators' explanation is, in effect, an admission that the complaint is available to them, or could be made available to them on proper request.

a court in the exercise of a sound legal discretion. "It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. . . ." *People ex rel.* v. *Board, etc.* (1893), 137 N. Y. 201, 204, 33 N. E. 145.' *Western Union Tel. Co.* v. *State ex rel. Hammond Elevator Co.* (1905), 165 Ind. 492, 512, 76 N. E. 100, 3 L. R. A. (N. S.) 153."

See also: *State ex rel. Guide Management Corp.* v. *Alexander* (1945), 223 Ind. 221, 231-32, 59 N. E. 2d 169; *Funk* v. *State ex rel.* (1906), 166 Ind. 455, 457, 77 N. E. 854.

Also, in the case of *State ex rel. City of Marion et al.* v. *Grant Cir. Ct.* (1959), 239 Ind. 315, 157 N. E. 2d 188, 191, where the petitioners sought a writ of mandate and prohibition, the court in denying the petition stated: " . . . Although no specific statutory provision prescribes the time for judicial review in equity hereunder, it is apparent such action must be brought expeditiously and without unnecessary delay. . . ."

With regard to the equitable consideration in this case, we are confronted with the fact that the original judgment in this cause of action was set aside for fraud in its procurement; that the action was against a municipality and therefore of public interest; that the predecessors in interest to these relators, and these relators themselves, with no contradiction of full knowledge of the above stated circumstances, took no action with respect to this cause of action for a period of six years after the judgment formerly taken therein had been set aside for fraud; that

notwithstanding the allegations contained in respondents' motion to dismiss, relators filed no response thereto which, in anywise, attempted to excuse or justify their inaction in and apparent abandonment of the matter over such six year period. These circumstances present a strong presumption of laches with respect to the prosecution of this cause by the relators and their predecessors in interest.

It is our conclusion that because relators have not provided us with the necessary copies of the pleadings pertaining to the cause to present a prima facie showing of merit and of the equitable considerations in this case which are adverse to the relators, the extraordinary relief of mandamus should be denied.

For the reasons above stated, the petition for writ of mandate is denied.

Landis, C. J., Arterburn, J. concur.

Jackson, J. concurs in the result.

Bobbitt, J. dissents.

NOTE.—Reported in 175 N. E. 2d 3.